1 | **THE AGUILERA LAW GROUP, APLC**
2 | A. Eric Aguilera (SBN 192390)
Kari M. Myron (SBN 158592)
3 | 650 Town Center Drive
Suite 100
4 | Costa Mesa, CA 92626
5 | T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
6 | kmyron@aguileragroup.com
7 |
Attorney for Plaintiff
8 | ST. PAUL MERCURY INSURANCE COMPANY

9

10 | **UNITED STATES DISTRICT COURT**

11 | **EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION**

12

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation | Case No. |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR:** |
| v. | **(1) DECLARATORY RELIEF;** |
| | **(2) EQUITABLE CONTRIBUTION; AND JURY DEMAND** |
| ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation; ALLIED INSURANCE COMPANY, a Pennsylvania corporation; AMCO INSURANCE COMPANY, an Iowa corporation; AMERICAN HOME ASSURANCE COMPANY, a New York corporation; AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, an Illinois corporation; AMERICAN SAFETY CLAIMS SERVICES, a Georgia corporation; AMERICAN SAFETY INDEMNITY COMPANY, an Oklahoma corporation; AMERICAN SAFETY INSURANCE COMPANY, a Georgia corporation; ARCH SPECIALTY INSURANCE COMPANY, a Nebraska corporation; ASSURANCE COMPANY OF AMERICA, a New York corporation; AXIS SURPLUS INSURANCE COMPANY, an Illinois corporation; CATALINA HOLDINGS (BERMUDA) | Trial: Not Yet Set |

1

1  LTD, a New York corporation; CENTURY
   SURETY COMPANY, an Ohio
2  corporation; CHARTIS SPECIALTY
   INSURANCE COMPANY, an Illinois
3  corporation; CLARENDON AMERICA
   INSURANCE COMPANY,  New Jersey
4  corporation; EVEREST INDEMNITY
   COMPANY, a Delaware corporation;
5  EVEREST NATIONAL INSURANCE
   COMPANY, a Delaware corporation;
6  FARMER'S INSURANCE COMPANY, a
   Kansas corporation; FINANCIAL
7  PACIFIC INSURANCE COMPANY, a
   California corporation; FIRST MERCURY
8  INSURANCE COMPANY; an Illinois
   corporation; GOLDEN EAGLE
9  INSURANCE CORPORATION, a New
   Hampshire corporation; GREAT
10 AMERICAN INSURANCE COMPANY,
   an Ohio corporation; HARTFORD
11 INSURANCE COMPANY, an Indiana
   corporation; HARTFORD FIRE
12 INSURANCE COMPANY, a Connecticut
   corporation; ILLINOIS UNION
13 INSURANCE COMPANY, an Illinois
   corporation; INSCORP,  New York
14 corporation; INTERSTATE FIRE &
   CASUALTY COMPANY, an Illinois
15 corporation; LEXINGTON INSURANCE
   COMPANY, a Delaware corporation;
16 LLOYD'S OF LONDON, a Kentucky
   corporation; LUMBERMENS MUTUAL
17 CASUALTY COMPANY, an Illinois
   corporation; MARYLAND CASUALTY
18 COMPANY; a Maryland corporation;
   NATIONAL UNION FIRE INSURANCE
19 COMPANY, a Pennsylvania corporation;
   NATIONWIDE INSURANCE
20 COMPANY, a Wisconsin corporation;
   NAVIGATORS INSURANCE
21 COMPANY; a New York corporation; NIC
   INSURANCE COMPANY, a New York
22 corporation; NORTHERN INSURANCE
   COMPANY OF NEW YORK, a New York
23 corporation; OLD REPUBLIC
   INSURANCE COMPANY, a Pennsylvania
24 corporation; PENNSYLVANIA
   GENERAL ACCIDENT INSURANCE
25 COMPANY, a Pennsylvania corporation;
   PRAETORIAN INSURANCE
26 COMPANY, a Pennsylvania corporation;
   PROBUILDERS SPECIALTY
27 INSURANCE, a District of Colombia
28

2

corporation; STATE NATIONAL
INSURANCE COMPANY, a Texas
corporation; STEADFAST INSURANCE
COMPANY, a Delaware corporation;
VALIANT INSURANCE COMPANY, a
Delaware corporation; ZURICH
AMERICAN INSURANCE COMPANY, a
New York corporation and does 1-10,
inclusive

Defendants.

Comes now Plaintiff, ST. PAUL MERCURY INSURANCE COMPANY (referred to as "Plaintiff" or "ST. PAUL") and plead the following allegations on information and belief in support of their Complaint herein:

1.     The present action seeks equitable contribution and a judicial declaration concerning the rights and obligations as amongst insurance carriers and their insured with regard to defense fees and costs incurred in the action entitled, *Linda A. Fluken, et al v. Parkland Homes, Inc. et al* Superior Court for Yuba County Case no. 10-0000378 (the "Underlying Action").

## JURISDICTION

2.     Plaintiff ST. PAUL MERCURY INSURANCE COMPANY is now, and at all relevant times was, a corporation, existing under the laws of the State of Minnesota with its principal place of business in Minnesota.   ST. PAUL MERCURY INSURANCE COMPANY is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California. Plaintiff ST. PAUL MERCURY INSURANCE COMPANY shall hereinafter collectively be referred to as "Plaintiff" or "ST. PAUL."

3.     Plaintiff is informed and believes and thereon alleges Defendant ACE AMERICAN INSURANCE COMPANY ("ACE") is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania.  Plaintiff is further informed and believes and thereon alleges ACE is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

///

3

4.     Plaintiff is informed and believes and thereon alleges Defendant ALLIED INSURANCE COMPANY ("ALLIED") is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania. Plaintiff is further informed and believes and thereon alleges ALLIED is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

5.     Plaintiff is informed and believes and thereon alleges Defendant AMCO INSURANCE COMPANY ("AMCO") is a corporation organized and existing under the laws of the State of Iowa with its principal place of business in Iowa. Plaintiff is further informed and believes and thereon alleges AMCO is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

6.     Plaintiff is informed and believes and thereon alleges Defendant AMERICAN HOME ASSURANCE COMPANY ("AMERICAN HOME") is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York. Plaintiff is further informed and believes and thereon alleges AMERICAN HOME is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

7.     Plaintiff is informed and believes and thereon alleges Defendant AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY ("AMERICAN INTERNATIONAL") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in New York. Plaintiff is further informed and believes and thereon alleges AMERICAN INTERNATIONAL is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

8.     Plaintiff is informed and believes and thereon alleges Defendant AMERICAN SAFETY CLAIMS SERVICES ("AMERICAN CLAIMS") is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in Georgia. Plaintiff is further informed and believes and thereon alleges AMERICAN

4

1  CLAIMS is, and at all times relevant was, an insurance carrier eligible to do business as an

2  insurer in the State of California.

3      9.    Plaintiff is informed and believes and thereon alleges Defendant AMERICAN

4  SAFETY INSURANCE COMPANY ("ASIC") is a corporation organized and existing

5  under the laws of the State of Georgia with its principal place of business in Georgia.

6  Plaintiff is further informed and believes and thereon alleges ASIC is, and at all times

7  relevant was, and insurance carrier eligible to do business as an insurer in the State of

8  California.

9      10.    Plaintiff is informed and believes and thereon alleges Defendant AMERICAN

10  SAFETY INDEMNITY COMPANY ("AMERICAN SAFETY") is a corporation organized

11  and existing under the laws of the State of Oklahoma with its principal place of business in

12  Georgia.    Plaintiff is further informed and believes and thereon alleges AMERICAN

13  SAFETY is, and at all times relevant was, an insurance carrier eligible to do business as an

14  insurer in the State of California.

15      11.    Plaintiff is informed and believes and thereon alleges Defendant ARCH

16  SPECIALTY INSURANCE COMPANY ("ARCH") is a corporation organized and existing

17  under the laws of the State of Nebraska with its principal place of business in New York.

18  Plaintiff is further informed and believes and thereon alleges ARCH is, and at all times

19  relevant was, and insurance carrier eligible to do business as an insurer in the State of

20  California.

21      12.    Plaintiff is informed and believes and thereon alleges Defendant

22  ASSURANCE COMPANY OF AMERICA ("ASSURANCE") is a corporation organized

23  and existing under the laws of the State of New York with its principal place of business in

24  Illinois. Plaintiff is further informed and believes and thereon alleges ASSURANCE is, and

25  at all times relevant was, an insurance carrier eligible to do business as an insurer in the

26  State of California.

27      13.    Plaintiff is informed and believes and thereon alleges Defendant AXIS

28  SPECIALTY INSURANCE COMPANY ("AXIS") is a corporation organized and existing

1   under the laws of the State of Connecticut with its principal place of business in the State of
2   Georgia.  Plaintiff is informed and believes and thereon alleges AXIS is, and at all times
3   relevant was, an insurance carrier eligible to do business as an insurer in the State of
4   California.

5       14. Plaintiff is informed and believes and thereon alleges Defendant CATALINA
6   HOLDINGS (BERMUDA), LTD ("CATALINA") is a corporation organized and existing
7   under the laws of the State of New York with its principal place of business in the State of
8   New York. Plaintiff is informed and believes and thereon alleges CATALINA is, at all times
9   relevant was, an insurance carrier eligible to do business as an insurer in the State of
10  California.

11      15.    Plaintiff is informed and believes and thereon alleges Defendant CENTURY
12  SURETY COMPANY ("CENTURY") is a corporation organized and existing under the
13  laws of the State of Ohio with its principal place of business in the State of Ohio.  Plaintiff is
14  informed and believes and thereon alleges CENTURY is, and at all times relevant was, an
15  insurance carrier eligible to do business as an insurer in the State of California.

16      16.    Plaintiff is informed and believes and thereon alleges Defendant CHARTIS
17  SPECIALTY INSURANCE COMPANY ("CHARTIS") is a corporation organized and
18  existing under the laws of the State of Illinois with its principal place of business in the State
19  of New York.  Plaintiff is informed and believes and thereon alleges CHARTIS is, and at all
20  times relevant was, an insurance carrier eligible to do business as an insurer in the State of
21  California.

22      17.    Plaintiff  is  informed  and  believes  and  thereon  alleges  Defendant
23  CLARENDON AMERICA INSURANCE COMPANY ("CLARENDON") is a corporation
24  organized and existing under the laws of the State of New Jersey with its principal place of
25  business in the State of New York.  Plaintiff is informed and believes and thereon alleges
26  CLARENDON is, and at all times relevant was, an insurance carrier eligible to do business
27  as an insurer in the State of California.

28

6

18.     Plaintiff is informed and believes and thereon alleges Defendant EVEREST INDEMNITY COMPANY ("EVEREST") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of New Jersey. Plaintiff is informed and believes and thereon alleges EVEREST is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

19.     Plaintiff is informed and believes and thereon alleges Defendant EVEREST NATIONAL INSURANCE COMPANY ("EVEREST NATIONAL") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of New Jersey.  Plaintiff is informed and believes and thereon alleges EVEREST NATIONAL is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

20.     Plaintiff is informed and believes and thereon alleges Defendant FARMERS INSURANCE COMPANY ("FARMERS") is a corporation organized and existing under the laws of the State of Kansas with its principal place of business in the State of Kansas. Plaintiff is informed and believes and thereon alleges FARMERS is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

21.     Plaintiff is informed and believes and thereon alleges Defendant FINANCIAL PACIFIC INSURANCE COMPANY ("FINANCIAL PACIFIC") is a corporation organized and existing under the laws of the State of California with its principal place of business in the State of California.  Plaintiff is informed and believes and thereon alleges FINANCIAL PACIFIC is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

22.     Plaintiff is informed and believes and thereon alleges Defendant FIRST MERCURY INSURANCE COMPANY ("FIRST MERCURY") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in the State of Michigan.   Plaintiff is informed and believes and thereon alleges FIRST

7

1  MERCURY is, and at all times relevant was, an insurance carrier eligible to do business as

2  an insurer in the State of California.

3      23.    Plaintiff is informed and believes and thereon alleges Defendant GOLDEN

4  EAGLE INSURANCE COMPANY ("GOLDEN EAGLE") is a corporation organized and

5  existing under the laws of the State of New Hampshire with its principal place of business in

6  the State of Massachusetts.  Plaintiff is informed and believes and thereon alleges GOLDEN

7  EAGLE is, and at all times relevant was, an insurance carrier eligible to do business as an

8  insurer in the State of California.

9      24.    Plaintiff is informed and believes and thereon alleges Defendant GREAT

10  AMERICAN INSURANCE COMPANY ("GREAT AMERICAN") is a corporation

11  organized and existing under the laws of the State of Ohio with its principal place of

12  business in the State of Ohio.  Plaintiff is informed and believes and thereon alleges GREAT

13  AMERICAN is, and at all times relevant was, an insurance carrier eligible to do business as

14  an insurer in the State of California.

15      25.    Plaintiff is informed and believes and thereon alleges Defendant HARTFORD

16  INSURANCE COMPANY ("HARTFORD") is a corporation organized and existing under

17  the laws of the State of Indiana with its principal place of business in the State of

18  Connecticut.  Plaintiff is informed and believes and thereon alleges HARTFORD is, and at

19  all times relevant was, an insurance carrier eligible to do business as an insurer in the State

20  of California.

21      26.    Plaintiff is informed and believes and thereon alleges Defendant HARTFORD

22  FIRE INSURANCE COMPANY ("HARTFORD FIRE") is a corporation organized and

23  existing under the laws of the State of Connecticut with its principal place of business in the

24  State of Connecticut.  Plaintiff is informed and believes and thereon alleges HARTFORD

25  FIRE is, and at all times relevant was, an insurance carrier eligible to do business as an

26  insurer in the State of California.

27      27.    Plaintiff is informed and believes and thereon alleges Defendant ILLINOIS

28  UNION INSURANCE COMPANY ("ILLINOIS UNION") is a corporation organized and

8

existing under the laws of the State of Illinois with its principal place of business in the State of Illinois. Plaintiff is informed and believes and thereon alleges ILLINOIS UNION is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

28. Plaintiff is informed and believes and thereon alleges Defendant INSCORP ("INSCORP") is a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of New York. Plaintiff is informed and believes and thereon alleges INSCORP is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

29. Plaintiff is informed and believes and thereon alleges Defendant INTERSTATE FIRE & CASUALTY COMPANY ("INTERSTATE FIRE") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in the State of Illinois. Plaintiff is informed and believes and thereon alleges INTERSTATE FIRE is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

30. Plaintiff is informed and believes and thereon alleges Defendant LEXINGTON INSURANCE COMPANY ("LEXINGTON") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Massachusetts. Plaintiff is informed and believes and thereon alleges LEXINGTON is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

31. Plaintiff is informed and believes and thereon alleges Defendant LLOYD'S OF LONDON ("LLOYD'S") is a corporation organized and existing under the laws of the State of Kentucky with its principal place of business in the State of New Jersey. Plaintiff is informed and believes and thereon alleges LLOYD'S is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

32. Plaintiff is informed and believes and thereon alleges Defendant LUMBERMENS MUTUAL CASUALTY COMPANY ("LUMBERMENS") is a

1  corporation organized and existing under the laws of the State of Illinois with its principal
2  place of business in the State of Illinois.  Plaintiff is informed and believes and thereon
3  alleges LUMBERMENS is, and at all times relevant was, an insurance carrier eligible to do
4  business as an insurer in the State of California.

5       33.    Plaintiff is informed and believes and thereon alleges Defendant
6  MARYLAND CASUALTY COMPANY ("MARYLAND") is a corporation organized and
7  existing under the laws of the State of Maryland with its principal place of business in the
8  State of Illinois.  Plaintiff is informed and believes and thereon alleges MARYLAND is, and
9  at all times relevant was, an insurance carrier eligible to do business as an insurer in the
10  State of California.

11       34.    Plaintiff is informed and believes and thereon alleges Defendant NATIONAL
12  UNION FIRE INSURANCE COMPANY ("NATIONAL UNION") is a corporation
13  organized and existing under the laws of the State of Pennsylvania with its principal place of
14  business in the State of New York.  Plaintiff is informed and believes and thereon alleges
15  NATIONAL UNION is, and at all times relevant was, an insurance carrier eligible to do
16  business as an insurer in the State of California.

17       35.    Plaintiff is informed and believes and thereon alleges Defendant
18  NATIONWIDE INSURANCE COMPANY ("NATIONWIDE") is a corporation organized
19  and existing under the laws of the State of Wisconsin with its principal place of business in
20  the State of Iowa.  Plaintiff is informed and believes and thereon alleges NATIONWIDE is,
21  and at all times relevant was, an insurance carrier eligible to do business as an insurer in the
22  State of California.

23       36.    Plaintiff is informed and believes and thereon alleges Defendant
24  NAVIGATORS INSURANCE COMPANY ("NAVIGATORS") is a corporation organized
25  and existing under the laws of the State of New York with its principal place of business in
26  the State of New York.   Plaintiff is informed and believes and thereon alleges
27  NAVIGATORS is, and at all times relevant was, an insurance carrier eligible to do business
28  as an insurer in the State of California.

37.     Plaintiff is informed and believes and thereon alleges Defendant NIC INSURANCE COMPANY ("NIC") is a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of New York. Plaintiff is informed and believes and thereon alleges NIC is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

38.     Plaintiff is informed and believes and thereon alleges Defendant NORTHERN INSURANCE COMPANY OF NEW YORK ("NORTHERN") is a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of Illinois.  Plaintiff is informed and believes and thereon alleges NORTHERN is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

39.     Plaintiff is informed and believes and thereon alleges Defendant OLD REPUBLIC INSURANCE COMPANY ("OLD REPUBLIC") is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in the State of Pennsylvania.  Plaintiff is informed and believes and thereon alleges OLD REPUBLIC is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

40.     Plaintiff is informed and believes and thereon alleges Defendant PENNSYLVANIA     GENERAL     ACCIDENT     INSURANCE     COMPANY ("PENNSYLVANIA GENERAL") is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in the State of Massachusetts. Plaintiff is informed and believes and thereon alleges PENNSYLVANIA GENERAL is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

41.     Plaintiff is informed and believes and thereon alleges Defendant PRAETORIAN INSURANCE COMPANY ("PRAETORIAN") is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in the State of New York.   Plaintiff is informed and believes and thereon alleges

1   PRAETORIAN is, and at all times relevant was, an insurance carrier eligible to do business

2   as an insurer in the State of California.

3       42.    Plaintiff is informed and believes and thereon alleges Defendant

4   PROBUILDERS SPECIALTY INSURANCE ("PROBUILDERS") is a corporation

5   organized and existing under the laws of the District of Colombia with its principal place of

6   business in the State of Georgia.  Plaintiff is informed and believes and thereon alleges

7   PROBUILDERS is, and at all times relevant was, an insurance carrier eligible to do business

8   as an insurer in the State of California.

9       43.    Plaintiff is informed and believes and thereon alleges Defendant STATE

10   NATIONAL INSURANCE COMPANY ("STATE") is a corporation organized and existing

11   under the laws of the State of Texas with its principal place of business in the State of

12   Texas.  Plaintiff is informed and believes and thereon alleges STATE is, and at all times

13   relevant was, an insurance carrier eligible to do business as an insurer in the State of

14   California.

15       44.    Plaintiff is informed and believes and thereon alleges Defendant STEADFAST

16   INSURANCE COMPANY ("STEADFAST") is a corporation organized and existing under

17   the laws of the State of Delaware with its principal place of business in the State of Illinois.

18   Plaintiff is informed and believes and thereon alleges STEADFAST is, and at all times

19   relevant was, an insurance carrier eligible to do business as an insurer in the State of

20   California.

21       45.    Plaintiff is informed and believes and thereon alleges Defendant VALIANT

22   INSURANCE COMPANY ("VALIANT") is a corporation organized and existing under the

23   laws of the State of Delaware with its principal place of business in the State of New York.

24   Plaintiff is informed and believes and thereon alleges VALIANT is, and at all times relevant

25   was, an insurance carrier eligible to do business as an insurer in the State of California.

26       46.    Plaintiff is informed and believes and thereon alleges Defendant ZURICH

27   AMERICAN INSURANCE COMPANY ("ZURICH") is a corporation organized and

28   existing under the laws of the State of New York with its principal place of business in the

1   State of Illinois.  Plaintiff is informed and believes and thereon alleges ZURICH is, and at

2   all times relevant was, an insurance carrier eligible to do business as an insurer in the State

3   of California.

4          47.    Defendants sued herein as DOES 1 through 10, inclusive, are sued herein by

5   such fictitious names because Plaintiff is unaware of the true names and capacities of said

6   DOE defendants. Plaintiff will amend this Complaint to reflect the true names when the

7   same are ascertained. Plaintiff is informed and believes and thereon alleges said DOE

8   defendants are responsible for the acts, events, and circumstances alleged herein, or are

9   interested parties to this action.

10         48.    The amount in controversy exceeds $75,000, and represents fees and costs

11  sought in connection with the defense and/or indemnification of the parties' mutual insured

12  with regard to the Underlying Action.

13         49.    The Court has diversity jurisdiction as Plaintiff is domiciled in Minnesota and

14  the Defendants are domiciled in California, Connecticut, Delaware, Georgia, Illinois,

15  Indiana, Iowa, Kansas, Kentucky, Maryland,  Nebraska, New Hampshire, New Jersey, New

16  York, Ohio, Oklahoma, Pennsylvania, Texas, Wisconsin, and District of Colombia;

17  respectively.

18                                        **VENUE**

19         50.    Plaintiff is informed and believes and thereon alleges the acts and/or omissions

20  at issue in this litigation took place in this judicial district within the State of California.  The

21  Underlying Action is pending in this judicial district.  Venue, therefore, lies with this Court,

22  as a substantial part of the events which are the subject of the claims asserted herein are

23  located and/or took place in this judicial district.

24                               **GENERAL ALLEGATIONS**

25  **A.      The Insurance Policies**

26         51.    Plaintiff ST. PAUL issued the following general commercial liability

27  insurance policies under which Amundson-Singh Landscaping, Inc. ("Amundson-Singh")

28  was named an insured: policy numbers CK08101508, from 4/27/04-4/27/05; CK0810240,

from 4/27/07-4/27/11 (the "ST. PAUL Policies"). The ST. PAUL policies contain the Commercial General Liability Coverage form 47500 Rev. 1-01, which provides in pertinent part as follows:

### What this Agreement Covers

**Bodily injury and property damage liability.**
We'll pay amounts any protected person is legally required to pay as damages for covered bodily injury or property damage that:

- happens while this agreement is in effect; and
- is caused by an event.

***

*Property damage means*:

- physical damage to tangible property of others, including all resulting loss of use of that property; or
- loss of use of tangible property of others that isn't physically damaged.

***

*Protected person* means any person or organization that qualifies as a protected person under the Who Is Protected Under This Agreement section.

52.     Plaintiff is informed and believes and thereon alleges Parkland Homes, Inc. ("Parkland Homes") purports to be named as an additional insured under the ST. PAUL Policies.

53.     Plaintiff is informed and believes and thereon alleges Defendant ACE issued the following commercial general liability insurance policies under which FIRESIDE HEARTH & HOME was a named insured:   policy numbers HDOG21732308; HDOG23724856; HDOG23744168 effective 7/1/06 to 7/1/09; (collectively referred to as

1  "ACE FIRESIDE Policies"). Plaintiff is informed and believes and thereon alleges Parkland

2  Homes is named as an additional insured under the ACE FIRESIDE Policies.

3      54.    Plaintiff is informed and believes and thereon alleges Defendant ACE issued

4  the following commercial general liability insurance policies under which THE GARAGE

5  DOOR CENTER was a named insured: policy numbers HDOG23738466; effective 2/28/08-

6  2/28/09; (collectively referred to as "ACE GARAGE DOOR Policies"). Plaintiff is informed

7  and believes and thereon alleges Parkland Homes is named as an additional insured under

8  the ACE GARAGE DOOR Policies.

9      55.    Plaintiff is informed and believes and thereon alleges Defendant ALLIED

10  issued the following commercial general liability insurance policies under which B.

11  DUGMAR LIGHT HOUSE was a named insured: policy number ACP7830171846;

12  effective 10/8/01-10/8/06; (collectively referred to as "ALLIED DUGMAR Policies").

13  Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an

14  additional insured under the ALLIED DUGMAR Policies.

15      56.    Plaintiff is informed and believes and thereon alleges Defendant AMCO

16  issued the following commercial general liability insurance policies under which MAGIC

17  PAINTING was a named insured:  policy number ACP7821969334 effective 9/11/06-

18  9/11/08; (collectively referred to as "AMCO MAGIC Policies"). Plaintiff is informed and

19  believes and thereon alleges Parkland Homes is named as an additional insured under the

20  AMCO MAGIC Policies.

21      57.    Plaintiff is informed and believes and thereon alleges Defendant AMERICAN

22  HOME issued the following commercial general liability insurance policies under which

23  THE GARAGE DOOR CENTER was a named insured: policy numbers RMGL 6122623;

24  RMGL 6123307 effective 2/28/99-2/28/00 and 2/28/00-2/28/01 respectively; (collectively

25  referred to as "AMERICAN HOME GARAGE DOOR Policies"). Plaintiff is informed and

26  believes and thereon alleges Parkland Homes is named as an additional insured under the

27  AMERICAN HOME GARAGE DOOR Policies.

28

CASE NO.
COMPLAINT

58.    Plaintiff is informed and believes and thereon alleges Defendant AMERICAN HOME issued the following commercial general liability insurance policies under which GRAND FLOOR DESIGN, INC. dba CREATIVE TOUCH INTERIORS was a named insured: policy numbers 1595485 effective 8/30/07-8/30/08; (collectively referred to as "AMERICAN HOME GRAND FLOOR Policy"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the AMERICAN HOME GRAND FLOOR Policy.

59.    Plaintiff is informed and believes and thereon alleges Defendant AMERICAN INTERNATIONAL issued the following commercial general liability insurance policies under which VACA VALLEY ROOFING, INC. dba OLD COUNTRY ROOFING was a named insured: policy number GL8336186 effective 7/1/02-7/1/03; (collectively referred to as "AMERICAN INTERNATIONAL VACA VALLEY Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the AMERICAN INTERNATIONAL VACA VALLEY Policies.

60.    Plaintiff is informed and believes and thereon alleges Defendant AMERICAN CLAIMS issued the following commercial general liability insurance policies under which SACRAMENTO A-1 DOOR was a named insured: policy number ESL009896-05-01; ESL009896-05-02; effective 7/1/05-7/1/06 and 7/1/06-7/1/07 respectively; (collectively referred to as "AMERICAN CLAIMS SACRAMENTO Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the AMERICAN CLAIMS SACRAMENTO Policies.

61.    Plaintiff is informed and believes and thereon alleges Defendant AMERICAN SAFETY issued the following commercial general liability insurance policies under which A-1 DOOR AND BUILDING SOLUTIONS was a named insured: policy number ESL0989960501 effective 7/1/05-7/1/06; (collectively referred to as "AMERICAN SAFETY A-1 Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the AMERICAN SAFETY A-1 Policies.

CASE NO.
COMPLAINT

1        62.    Plaintiff is informed and believes and thereon alleges Defendant AMERICAN

2   SAFETY issued the following commercial general liability insurance policies under which

3   CVC CONSTRUCTION CORPORATION was a named insured: policy numbers

4   ESL0012600504; ESL0012600605; ESL0012600706; ESL0012600807; effective 5/6/05-

5   7/31/06; 7/31/06-7/31/07; 7/31/07-7/31/08; 7/31/08-7/31/09 (collectively referred to as

6   "AMERICAN SAFETY CVC Policies"). Plaintiff is informed and believes and thereon

7   alleges Parkland Homes is named as an additional insured under the AMERICAN SAFETY

8   CVC Policies.

9        63.    Plaintiff is informed and believes and thereon alleges Defendant AMERICAN

10   SAFETY issued the following commercial general liability insurance policies under which

11   DENNIS BLAZONA CONSTRUCTION, INC. was a named insured: policy number

12   XGI036062001; ESL006172-04-02 effective 11/8/03-11/8/04; 11/8/04-11/8/05 respectively

13   (collectively referred to as "AMERICAN SAFETY BLAZONA Policies"). Plaintiff is

14   informed and believes and thereon alleges Parkland Homes is named as an additional

15   insured under the AMERICAN SAFETY BLAZONA Policies.

16        64.    Plaintiff is informed and believes and thereon alleges Defendant AMERICAN

17   SAFETY issued the following commercial general liability insurance policies under which

18   G.R. GRADING & EXCAVATION, INC. was a named insured: policy number

19   ESL010954-05-01 effective 10/10/05-10/10/06; (collectively referred to as "AMERICAN

20   SAFETY G.R. Policies"). Plaintiff is informed and believes and thereon alleges Parkland

21   Homes is named as an additional insured under the AMERICAN SAFETY G.R. Policies.

22        65.    Plaintiff is informed and believes and thereon alleges Defendant AMERICAN

23   SAFETY issued the following commercial general liability insurance policies under which

24   VENTURE LATH & PLASTER (RICK HITCH PLASTERING) was a named insured:

25   policy number ESL0197020801 effective 6/1/08-6/1/09; (collectively referred to as

26   "AMERICAN SAFETY VENTURE LATH Policies"). Plaintiff is informed and believes

27   and thereon alleges Parkland Homes is named as an additional insured under the

28   AMERICAN SAFETY VENTURE LATH Policies.

66.     Plaintiff is informed and believes and thereon alleges Defendant ASI issued the following commercial general liability insurance policies under which CEDAR VALLEY CONCRETE was a named insured: policy numbers XGI023116001; XGI033116002; ESL0012600504; ESL0012600605; ESL0012600706 effective 5/6/02-5/6/03;  5/6/03-5/6/04;  5/6/05-7/31/06;  7/31/06-7/31/07;  7/31/07-7/31/08 (collectively referred to as "ASI CEDAR Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the ASI CEDAR Policies.

67.     Plaintiff is informed and believes and thereon alleges Defendant ARCH issued the following commercial general liability insurance policies under which AIR DESIGN, INC. was a named insured: policy numbers 72RGP1340300; 72RGP1340301; RGP000542500; RGP000542501; 72RGP1340301; effective 2/1/03-2/1/04; 2/1/04-2/1/05; 4/1/05-4/1/06;  4/1/06-4/1/07; respectively (collectively referred to as "ARCH AIR Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the ARCH AIR Policies.

68.     Plaintiff is informed and believes and thereon alleges Defendant ARCH issued the following commercial general liability insurance policies under which AMNUNDSON-SINGH LANDSCAPING, INC. was a named insured: policy numbers 72RGP1382800; 72GAP1382801; effective 5/8/03-5/8/04; 5/8/04-5/8/05; respectively (collectively referred to as "ARCH AMUNDSON Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the ARCH AMUNDSON Policies.

69.     Plaintiff is informed and believes and thereon alleges Defendant ARCH issued the following commercial general liability insurance policies under which BEUTLER CORPORATION was a named insured: policy numbers 72RGP1340300; 72RGP1340301; RGP000542501; RGP000542503; effective 2/1/03-2/1/04; 2/1/04-2/1/05; 4/1/06-4/1/07; 4/1/08-4/1/09 respectively (collectively referred to as "ARCH BEUTLER Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the ARCH BEUTLER Policies.

70.     Plaintiff is informed and believes and thereon alleges Defendant ARCH issued the following commercial general liability insurance policies under which DELTA DRYWALL was a named insured: policy numbers 72RGP11357000; effective 3/23/03-3/23/04 (collectively referred to as "ARCH DELTA Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the ARCH DELTA Policies.

71.     Plaintiff is informed and believes and thereon alleges Defendant ARCH issued the following commercial general liability insurance policies under which FERRARI PLUMBING, INC. was a named insured: policy numbers 72RGP1370100; effective 4/1/03-4/1/04 (collectively referred to as "ARCH FERRARI Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the ARCH FERRARI Policies.

72.     Plaintiff is informed and believes and thereon alleges Defendant ARCH issued the following commercial general liability insurance policies under which G.R. GRADING & EXCAVATION, INC. was a named insured: policy numbers 39 DCGL001146; 39DCGL001732 effective 10/10/03-10/10/04; 10/10/04-10/10/05 (collectively referred to as "ARCH G.R. Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the ARCH G.R. Policies.

73.     Plaintiff is informed and believes and thereon alleges Defendant ARCH issued the following commercial general liability insurance policies under which GENERAL CONSTRUCTION, INC. was a named insured: policy numbers 39PCGL001802; 39CGL02562-00;   effective 11/9/04-11/9/05; 11/9/05-11/9/07, respectively (collectively referred to as "ARCH GENERAL Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the ARCH GENERAL Policies.

74.     Plaintiff is informed and believes and thereon alleges Defendant ARCH issued the following commercial general liability insurance policies under which HERTIAGE MARBLE, CO. was a named insured: policy numbers 39PCGL000332; 39PCGL001226;

19

39CGL0257500 effective 11/22/02-11/22/03; 11/22/03-11/22/04; 11/22/05-11/22/06, respectively; (collectively referred to as "ARCH HERITAGE Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the ARCH HERITAGE Policies.

75.    Plaintiff is informed and believes and thereon alleges Defendant ARCH issued the following commercial general liability insurance policies under which LARRY METHVIN INSTALLATION, INC. dba L M 1 was a named insured: policy numbers 72RGP1310400; 725DPC1310401 effective 11/29/02-11/29/03; 11/29/03-11/29/04, respectively; (collectively referred to as "ARCH METHVIN Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the ARCH METHVIN Policies.

76.    Plaintiff is informed and believes and thereon alleges Defendant ARCH issued the following commercial general liability insurance policies under which MAJOR LINES OF CA. was a named insured: policy numbers 72GAP1382800; 72GAP1382801; 72GAP0006489; effective 5/8/03-5/8/04; 5/8/04-5/8/05; 5/8/05-5/8/06, respectively; (collectively referred to as "ARCH MAJOR Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the ARCH MAJOR Policies.

77.    Plaintiff is informed and believes and thereon alleges Defendant ARCH issued the following commercial general liability insurance policies under which REDLINE DRYWALL, INC. was a named insured: policy numbers 39CGL02880-00; 39CGL0288-01 effective 8/28/06-8/28/07; 8/28/07-8/28/08, respectively; (collectively referred to as "ARCH REDLINE Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the ARCH REDLINE Policies.

78.    Plaintiff is informed and believes and thereon alleges Defendant ASSURANCE issued the following commercial general liability insurance policies under which AAA MASONRY, INC. was a named insured: policy numbers SCP036549963 effective 7/1/00-7/1/04; (collectively referred to as "ASSURANCE AAA Policies").

Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the ASSURANCE AAA Policies.

79.    Plaintiff is informed and believes and thereon alleges Defendant ASSURANCE issued the following commercial general liability insurance policies under which LARRY D. PETTIBONE was a named insured: policy numbers SCP38458767 effective 7/12/01-7/12/03; (collectively referred to as "ASSURANCE LARRY D. Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the ASSURANCE LARRY D. Policies.

80.    Plaintiff is informed and believes and thereon alleges Defendant AXIS issued the following commercial general liability insurance policies under which BLUE RIBBON STAIRS, INC. was a named insured: policy numbers EAP102002; AAP701384; AAP701384-05; EAP70138406; EAP70138407; EAP70138408 effective 4/8/03-3/8/04, 3/8/04-3/8/05, 3/8/05-4/1/06, 4/1/06-4/1/07; 4/1/07-4/1/08, 4/1/08-4/1/09 respectively; (collectively referred to as "AXIS BLUE RIBBON Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the AXIS BLUE RIBBON Policies.

81.    Plaintiff is informed and believes and thereon alleges Defendant CATALINA issued the following commercial general liability insurance policies under which REDLINE DRYWALL, INC. was a named insured: policy number CSW00035500; effective 9/1/05-9/1/06; (collectively referred to as "CATALINA REDLINE" Policies). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the CATALINA REDLINE Policies.

82.    Plaintiff is informed and believes and thereon alleges Defendant CENTURY issued the following commercial general liability insurance policies under which GOLD STAR INSULATION, INC. was a named insured: policy number CCP247903 effective 3/15/03-3/15/04; (collectively referred to as "CENTURY GOLD STAR Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the CENTURY GOLD STAR Policies.

83.    Plaintiff is informed and believes and thereon alleges Defendant CENTURY issued the following commercial general liability insurance policies under which VERNE BRADBURY dba VB FENCE COMPANY, INC. was a named insured: policy number CCP242889 effective 9/24/02-9/24/03; (collectively referred to as "CENTURY VB Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the CENTURY VB Policies.

84.    Plaintiff is informed and believes and thereon alleges Defendant CHARTIS issued the following commercial general liability insurance policies under which CREATIVE DESIGN INTERIORS, INC. dba CREATIVE DESIGN INTERIORS was a named insured: policy numbers 1141691; 1142787; 1144043; 8761604; 7507484; effective 12/19/02-12/19/03; 12/19/03-12/19/04; 12/19/04-12/19/05; 12/19/05-12/19/06; 12/19/16-12/19/07; respectively (collectively referred to as "CHARTIS CREATIVE Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the CHARTIS CREATIVE Policies.

85.    Plaintiff is informed and believes and thereon alleges Defendant CLARENDON  issued the following commercial general liability insurance policies under which B. CREW, INC. was a named insured: policy number A001000534 effective 5/16/05-5/16/07; (collectively referred to as "CLARENDON B. CREW Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the CLARENDON B. CREW Policies.

86.    Plaintiff is informed and believes and thereon alleges Defendant CLARENDON  issued the following commercial general liability insurance policies under which E.J. MASONRY, INC. was a named insured: policy numbers CA001000234; CAA00100023400100; effective 6/1/04-6/1/06; 6/1/06-6/1/07; respectively (collectively referred to as "CLARENDON E.J. Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the CLARENDON E.J. Policies.

87.   Plaintiff is informed and believes and thereon alleges Defendant CLARENDON issued the following commercial general liability insurance policies under which GRANITE BAY ELECTRIC, INC. was a named insured: policy number CAA001000688; effective 11/10/05-11/10/06; (collectively referred to as "CLARENDON GRANITE BAY Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the CLARENDON GRANITE BAY Policies.

88.   Plaintiff is informed and believes and thereon alleges Defendant CLARENDON issued the following commercial general liability insurance policies under which HIGH SIERRA NEVADA ELECTRIC, INC. was a named insured: policy number CA A001000858; effective 6/16/06-6/16/07; (collectively referred to as "CLARENDON High Sierra Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the CLARENDON HIGH SIERRA Policies.

89.   Plaintiff is informed and believes and thereon alleges Defendant CLARENDON issued the following commercial general liability insurance policies under which LIBERTY BELL ALARM COMPANY, INC. was a named insured: policy numbers HXA0000423-1;   HX00005018-1;   effective   12/31/02-12/31/03;   12/31/03-12/31/04 respectively; (collectively referred to as "CLARENDON LIBERTY BELL Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the CLARENDON Liberty Bell Policies.

90.   Plaintiff is informed and believes and thereon alleges Defendant CLARENDON issued the following commercial general liability insurance policies under which ROCKLIN OVERHEAD DOOR, INC. was a named insured: policy number CAA001000933000   effective   12/18/06-12/18/07;   (collectively   referred   to   as "CLARENDON ROCKLIN Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the CLARENDON ROCKLIN Policies.

91.     Plaintiff is informed and believes and thereon alleges Defendant EVEREST issued the following commercial general liability insurance policies under which AAA MASONRY, INC. was a named insured: policy numbers 58000002450-051; 58000002450-061; 58000002450-071; effective 7/1/05-7/1/06; 7/1/06-7/1/07; 7/1/07-7/1/08; respectively (collectively referred to as "EVEREST AAA Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the EVEREST AAA Policies.

92.     Plaintiff is informed and believes and thereon alleges Defendant EVEREST NATIONAL issued the following commercial general liability insurance policies under which AHRENS LANDSCAPING was a named insured: policy numbers 1700000906-021; 1700000906-301; 1700000906-041; 1700000906-051; effective 1/3/02-1/3/03; 1/3/03-1/3/04; 1/3/04-1/3/05; 1/3/05-1/3/06; respectively (collectively referred to as "EVEREST NATIONAL AHRENS Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the EVEREST NATIONAL AHRENS Policies.

93.     Plaintiff is informed and believes and thereon alleges Defendant EVEREST NATIONAL issued the following commercial general liability insurance policies under which HERITAGE MARBLE CO. was a named insured: policy number 3700000890011; effective 111/22/01-11/22/02; respectively (collectively referred to as "EVEREST NATIONAL HERITAGE Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the EVEREST NATIONAL HERITAGE Policies.

94.     Plaintiff is informed and believes and thereon alleges Defendant FARMERS issued the following commercial general liability insurance policies under which VERNE BRADBURY dba VB FENCE COMPANY, INC. was a named insured: policy number 60267-89-37; effective 10/7/05-10/7/08 (collectively referred to as "FARMERS VB Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the FARMERS VB Policies.

95.     Plaintiff is informed and believes and thereon alleges Defendant FINANCIAL PACIFIC issued the following commercial general liability insurance policies under which B. CREW, INC. was a named insured: policy number 172153; effective 4/4/05-4/4/06 (collectively referred to as "FINANCIAL PACIFIC B. CREW Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the FINANCIAL PACIFIC B. CREW Policies.

96.     Plaintiff is informed and believes and thereon alleges Defendant FINANCIAL PACIFIC issued the following commercial general liability insurance policies under which HOWARD CONSTRUCTION FENCING AND FABRICATION, INC. was a named insured: policy number 177086A; effective 3/02/08-3/02/09 (collectively referred to as "FINANCIAL PACIFIC HOWARD Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the FINANCIAL PACIFIC HOWARD Policies.

97.     Plaintiff is informed and believes and thereon alleges Defendant FINANCIAL PACIFIC issued the following commercial general liability insurance policies under which PARKER LANDSCAPING DEVELOPMENT, INC. was a named insured: policy numbers 172125A; 172125B; 172125C; effective 3/31/05-3/31/06; 3/31/06-3/31/07; 3/31/07-3/31/08 (collectively referred to as "FINANCIAL PACIFIC PARKER Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the FINANCIAL PACIFIC PARKER Policies.

98.     Plaintiff is informed and believes and thereon alleges Defendant FINANCIAL PACIFIC issued the following commercial general liability insurance policies under which ROCKLIN OVERHEAD DOOR, INC. was a named insured: policy numbers 156593F; 156593G;   156593H;   effective   3/23/04-3/23/05;   3/23/05-3/23/06;   3/23/06-3/23/07; respectively (collectively referred to as "FINANCIAL PACIFIC ROCKLIN Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the FINANCIAL PACIFIC ROCKLIN Policies.

99.    Plaintiff is informed and believes and thereon alleges Defendant FINANCIAL PACIFIC issued the following commercial general liability insurance policies under which SIERRA STAIR CO, INC. was a named insured: policy numbers 175583B; 175583C; effective 6/21/08-6/21/09; 6/21/09-6/21/10; respectively (collectively referred to as "FINANCIAL PACIFIC SIERRA Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the FINANCIAL PACIFIC SIERRA Policies.

100.    Plaintiff is informed and believes and thereon alleges Defendant FIRST MERCURY issued the following commercial general liability insurance policies under which EASY LIFT DOOR COMPANY was a named insured: policy numbers FMCA000006; FMCA00000062; effective 2/1/07-2/1/08; 2/1/08-2/1/09; respectively (collectively referred to as "FIRST MERCURY EASY LIFT Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the FIRST MERCURY EASY LIFT Policies.

101.    Plaintiff is informed and believes and thereon alleges Defendant FIRST MERCURY issued the following commercial general liability insurance policies under which INTERNATIONAL FIRE EQUIPMENT COMPANY was a named insured: policy numbers FMMI009266-1; FMMI012499-1; FMMI014087-1; FMMI014087-2; FMMI014087-3; FMMI014087-4 effective 12/15/06-12/15/07; 6/1/07-6/1/08; 6/1/08-6/1/09; 6/1/09-6/1/10; 6/1/10-6/1/11; respectively (collectively referred to as "FIRST MERCURY INTERNATIONAL Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the FIRST MERCURY INTERNATIONAL Policies.

102.    Plaintiff is informed and believes and thereon alleges Defendant FIRST MERCURY issued the following commercial general liability insurance policies under which LIBERTY BELL ALARM, COMPANY was a named insured: policy number FMMI003714-1; effective 12/31/04-12/31/05; respectively (collectively referred to as "FIRST MERCURY LIBERTY BELL Policies"). Plaintiff is informed and believes and

26

1   thereon alleges Parkland Homes is named as an additional insured under the FIRST
2   MERCURY LIBERTY BELL Policies.

3       103.   Plaintiff is informed and believes and thereon alleges Defendant FIRST
4   MERCURY issued the following commercial general liability insurance policies under
5   which THR & SONS, INC. was a named insured: policy numbers FMWA000167;
6   FMWA000167-2; effective 25/1/08-5/1/09; 5/1/09-5/1/10; respectively (collectively referred
7   to as "FIRST MERCURY THR Policies"). Plaintiff is informed and believes and thereon
8   alleges Parkland Homes is named as an additional insured under the FIRST MERCURY
9   THR Policies.

10       104.   Plaintiff is informed and believes and thereon alleges Defendant GOLDEN
11   EAGLE issued the following commercial general liability insurance policies under which
12   AMUNDSON-SINGH was a named insured: policy numbers CBP9854359; CBP8024741;
13   effective 4/27/05-4/27/06; 4/27/06-4/27/07; respectively (collectively referred to as
14   "GOLDEN EAGLE AMUNDSON Policies"). Plaintiff is informed and believes and thereon
15   alleges Parkland Homes is named as an additional insured under the GOLDEN EAGLE
16   AMUNDSON Policies.

17       105.   Plaintiff is informed and believes and thereon alleges Defendant GREAT
18   AMERICAN issued the following commercial general liability insurance policies under
19   which DELTA DRYWALL, INC. was a named insured: policy number GGL 925; effective
20   3/23/99-3/23/00; (collectively referred to as "GREAT AMERICAN DELTA Policies").
21   Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an
22   additional insured under the GREAT AMERICAN DELTA Policies.

23       106.   Plaintiff is informed and believes and thereon alleges Defendant HARTFORD
24   issued the following commercial general liability insurance policies under which THR &
25   SONS, INC. was a named insured: policy number 72SBAAA5889; effective 5/1/04-5/1/07
26   (collectively referred to as "HARTFORD THR Policies"). Plaintiff is informed and believes
27   and thereon alleges Parkland Homes is named as an additional insured under the
28   HARTFORD THR Policies.

107.   Plaintiff is informed and believes and thereon alleges Defendant HARTFORD FIRE issued the following commercial general liability insurance policies under which WAYNE-DALTON CORP. was a named insured: policy number 83CSED65405; effective 6/1/02-6/1/03 (collectively referred to as "HARTFORD FIRE WAYNE-DALTON Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the HARTFORD FIRE WAYNE-DALTON Policies.

108.   Plaintiff is informed and believes and thereon alleges Defendant ILLINOIS UNION issued the following commercial general liability insurance policies under which LARRY METHVIN INSTALLATION, INC. dba L M 1 was a named insured: policy numbers XSLG22912008; PMIG22904759; PMIG23858903; effective 11/29/05-11/29/06; 11/29/06-11/29/07; 11/29/07-11/29/08; respectively (collectively referred to as "ILLINOIS UNION METHVIN Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the ILLINOIS UNION METHVIN Policies.

109.   Plaintiff is informed and believes and thereon alleges Defendant INSCORP issued the following commercial general liability insurance policies under which FERRARI PLUMBING, INC. was a named insured: policy number CAIC1001970903; effective 4/1/02-4/1/03 (collectively referred to as "INSCORP FERRARI Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the INSCORP FERRARI Policies.

110.   Plaintiff is informed and believes and thereon alleges Defendant INSCORP issued the following commercial general liability insurance policies under which VENTURE LATH & PLASTER (RICK HITCH PLASTERING) was a named insured: policy numbers CA IC1001979302; CA IC1001979303; effective 5/1/01-5/1/02; 5/1/02-5/1/03; respectively (collectively referred to as "INSCORP VENTURE LATH Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the INSCORP VENTURE LATH Policies.

CASE NO.
COMPLAINT

111. Plaintiff is informed and believes and thereon alleges Defendant INTERSTATE FIRE issued the following commercial general liability insurance policies under which CALHOUN CONSTRUCTION, INC. was a named insured: policy number SGL1000746; effective 8/1/07-8/1/08 (collectively referred to as "INTERSTATE FIRE CALHOUN Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the INTERSTATE FIRE CALHOUN Policies.

112. Plaintiff is informed and believes and thereon alleges Defendant INTERSTATE FIRE issued the following commercial general liability insurance policies under which GRANITE BAY ELECTRIC, INC. was a named insured: policy number CLP6272612; effective 11/10/04-11/10/05 (collectively referred to as "INTERSTATE FIRE GRANITE BAY Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the INTERSTATE FIRE GRANITE BAY Policies.

113. Plaintiff is informed and believes and thereon alleges Defendant INTERSTATE FIRE issued the following commercial general liability insurance policies under which GRAND FLOOR DESIGN, INC. dba CREATIVE TOUCH INTERIORS was a named insured: policy numbers SGL 10011733; SGL 1002211; effective 3/1/09-3/1/10; 3/1/10-3/1/11; respectively (collectively referred to as "INTERSTATE FIRE GRAND Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the INTERSTATE FIRE GRAND Policies.

114. Plaintiff is informed and believes and thereon alleges Defendant LEXINGTON issued the following commercial general liability insurance policies under which DENNIS BLAZONA CONSTRUCTION, INC. was a named insured: policy number 4142438; 6761094; 6761368; effective 11/8/05-11/8/06; 11/8/06-11/8/07; 11/8/07-11/8/08; respectively (collectively referred to as "LEXINGTON BLAZONA Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the LEXINGTON BLAZONA Policies.

CASE NO.
COMPLAINT

115. Plaintiff is informed and believes and thereon alleges Defendant LEXINGTON issued the following commercial general liability insurance policies under which E.J. MASONRY, INC. was a named insured: policy number 114250; effective 6/1/03-6/1/04 (collectively referred to as "LEXINGTON E.J. Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the LEXINGTON E.J. Policies.

116. Plaintiff is informed and believes and thereon alleges Defendant LEXINGTON issued the following commercial general liability insurance policies under which EASY LIFT DOOR COMPANY was a named insured: policy numbers 1142853; 1144143; effective 2/1/04-2/1/05; 2/1/05-2/1/06; respectively (collectively referred to as "LEXINGTON EASY LIFT Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the LEXINGTON EASY LIFT Policies.

117. Plaintiff is informed and believes and thereon alleges Defendant LEXINGTON issued the following commercial general liability insurance policies under which FERRARI PLUMBING, INC. was a named insured: policy numbers 1143050; 1144343; 8761959; 4966713; 4966713-01 effective 4/1/04-4/1/05; 4/1/05-4/1/06; 4/1/06-4/1/07; 4/1/07-4/1/08; 4/1/08-4/1/09; respectively (collectively referred to as "LEXINGTON FERRARI Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the LEXINGTON FERRARI Policies.

118. Plaintiff is informed and believes and thereon alleges Defendant LEXINGTON issued the following commercial general liability insurance policies under which GOLD STAR INSULATION, INC. was a named insured: policy numbers 1143925; 9289981; effective 11/3/04-11/3/05; 11/3/05-11/3/06; respectively (collectively referred to as "LEXINGTON GOLD STAR Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the LEXINGTON GOLD STAR Policies.

119. Plaintiff is informed and believes and thereon alleges Defendant LEXINGTON issued the following commercial general liability insurance policies under which GRAND FLOOR DESIGN, INC dba CREATIVE TOUCH INTERIORS was a named insured: policy number 1141165; effective 6/1/02-6/1/03; respectively (collectively referred to as "LEXINGTON GRAND Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the LEXINGTON GRAND Policies.

120. Plaintiff is informed and believes and thereon alleges Defendant LEXINGTON issued the following commercial general liability insurance policies under which KIWI STAIR, INC. was a named insured: policy number 1141642; 1142727; 1143998; 8761538; 7507217; 7507217-01; effective 12/3/02-12/3/03; 12/3/03-12/3/04; 12/3/04-12/3/05; 12/3/05-12/3/06; 12/3/06-12/3/07; 12/3/07-12/3/08; respectively (collectively referred to as "LEXINGTON KIWI Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the LEXINGTON KIWI Policies.

121. Plaintiff is informed and believes and thereon alleges Defendant LEXINGTON issued the following commercial general liability insurance policies under which MAGIC PAINTING was a named insured: policy number 1144068; effective 9/11/05-9/11/06 (collectively referred to as "LEXINGTON MAGIC Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the LEXINGTON MAGIC Policies.

122. Plaintiff is informed and believes and thereon alleges Defendant LEXINGTON issued the following commercial general liability insurance policies under which MAJOR LINES OF CA was a named insured: policy numbers 4967561; 4967561-01; effective 5/8/07-5/8/08; 5/8/08-5/8/09; respectively (collectively referred to as "LEXINGTON MAJOR Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the LEXINGTON MAJOR Policies.

123. Plaintiff is informed and believes and thereon alleges Defendant LEXINGTON issued the following commercial general liability insurance policies under which VENTURE LATH & PLASTERING (RICK HITCH PLASTERING) was a named insured: policy numbers 453454; 4136436; 7352073; effective 10/24/054-10/24/05; 10/24/05-10/24/06; 10/24/06-10/24/07; respectively (collectively referred to as "LEXINGTON VENTURE Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the LEXINGTON VENTURE Policies.

124. Plaintiff is informed and believes and thereon alleges Defendant LEXINGTON issued the following commercial general liability insurance policies under which WESTERN SHOWER DOOR, INC. was a named insured: policy numbers 1070340; 1070409; effective 10/1/03-10/1/04; 10/1/04-10/1/05; respectively (collectively referred to as "LEXINGTON WESTERN Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the LEXINGTON WESTERN Policies.

125. Plaintiff is informed and believes and thereon alleges Defendant LLOYD'S issued the following commercial general liability insurance policies under which KERRY MCCAFFREY CONSTRUCTION was a named insured: policy numbers JJO6560W/ME910010W; LSP 0196; LSP 0196-01; LSP 0196-02; LSP 0196-03; LSP0196-04; LSP 0196-04; LSP 0196-05; LSP 0196-06 effective 10/11/03-10/11/04; 10/11/04-10/11/05; 10/11/05-10/11/06; 10/11/06-10/11/07; 10/11/07-10/11/08; 10/11/08-10/11/09; 10/11/09-10/11/10; respectively (collectively referred to as "LLOYD'S KERRY Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the LLOYD'S KERRY Policies.

126. Plaintiff is informed and believes and thereon alleges Defendant LUMBERMENS issued the following commercial general liability insurance policies under which THE GARAGE DOOR CENTER was a named insured: policy number 5AA059269-00; effective 2/28/02-2/28/03 (collectively referred to as "LUMBERMENS GARAGE

1   DOOR Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is

2   named as an additional insured under the LUMBERMENS GARAGE DOOR Policies.

3        127.   Plaintiff is informed and believes and thereon alleges Defendant

4   MARYLAND issued the following commercial general liability insurance policies under

5   which GRANITE BAY ELECTRIC, INC. was a named insured: policy numbers

6   SCP041469405-1; SCP041469405; SCP041469405; effective 11/1/02-11/1/03; 11/1/03-

7   11/1/04; 11/1/04-11/1/05; respectively (collectively referred to as "MARYLAND

8   GRANITE BAY Policies"). Plaintiff is informed and believes and thereon alleges Parkland

9   Homes is named as an additional insured under the MARYLAND GRANITE BAY Policies.

10        128.   Plaintiff is informed and believes and thereon alleges Defendant

11   MARYLAND issued the following commercial general liability insurance policies under

12   which HOWARD CONSTRUCTION FENCING & FABRICATION, INC. was a named

13   insured: policy number SCP39895777; effective 3/2/06-3/2/08; respectively (collectively

14   referred to as "MARYLAND HOWARD Policies"). Plaintiff is informed and believes and

15   thereon alleges Parkland Homes is named as an additional insured under the MARYLAND

16   HOWARD Policies.

17        129.   Plaintiff is informed and believes and thereon alleges Defendant NATIONAL

18   UNION issued the following commercial general liability insurance policies under which

19   VACA VALLEY ROOFING, INC. dba Old Country Roofing was a named insured: policy

20   numbers GL1785508; Gl1785509; effective 7/1/06-7/1/07; 7/1/08-12/1/08; respectively

21   (collectively referred to as "NATIONAL UNION VACA VALLEY Policies"). Plaintiff is

22   informed and believes and thereon alleges Parkland Homes is named as an additional

23   insured under the NATIONAL UNION VACA VALLEY Policies.

24        130.   Plaintiff is informed and believes and thereon alleges Defendant

25   NATIONWIDE issued the following commercial general liability insurance policies under

26   which MAGIC PAINTING was a named insured: policy number ACP7801969334; effective

27   9/11/06-9/11/07; (collectively referred to as "NATIONWIDE MAGIC Policies"). Plaintiff is

28

CASE NO.
COMPLAINT

1 informed and believes and thereon alleges Parkland Homes is named as an additional

2 insured under the NATIONWIDE MAGIC Policies.

3    131.   Plaintiff is informed and believes and thereon alleges Defendant

4 NAVIGATORS issued the following commercial general liability insurance policies under

5 which CALHOUN CONSTRUCTION, INC. was a named insured: policy number

6 CGL0039700; effective 8/1/06-8/1/07; (collectively referred to as "NAVIGATORS

7 CLAHOUN Policies"). Plaintiff is informed and believes and thereon alleges Parkland

8 Homes is named as an additional insured under the NAVIGATORS CALHOUN Policies.

9    132.   Plaintiff is informed and believes and thereon alleges Defendant NIC issued

10 the following commercial general liability insurance policies under which EXTERIOR

11 BUILDING SYSTEMS, INC. was a named insured: policy number OC07CGL00843200;

12 effective 8/1/06-8/1/07; (collectively referred to as "NIC EXTERIOR Policies"). Plaintiff is

13 informed and believes and thereon alleges Parkland Homes is named as an additional

14 insured under the NIC EXTERIOR Policies.

15    133.   Plaintiff is informed and believes and thereon alleges Defendant NIC issued

16 the following commercial general liability insurance policies under which VENTURE

17 LATH & PLASTER (RICK HITCH PLASTERING) was a named insured: policy number

18 OC07CGL00843200; effective 6/1/07-6/1/08; (collectively referred to as "NIC VENTURE

19 Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named

20 as an additional insured under the NIC VENTURE Policies.

21    134.   Plaintiff is informed and believes and thereon alleges Defendant NORTHERN

22 issued the following commercial general liability insurance policies under which AAA

23 MASONRY, INC. was a named insured: policy number SCP036549963-04; effective

24 7/1/04-7/1/05; (collectively referred to as "NORTHERN AAA Policies"). Plaintiff is

25 informed and believes and thereon alleges Parkland Homes is named as an additional

26 insured under the NORTHERN AAA Policies.

27    135.   Plaintiff is informed and believes and thereon alleges Defendant NORTHERN

28 issued the following commercial general liability insurance policies under which BLUE

1  RIBBON STAIRS, INC. was a named insured: policy number CON98608335; effective

2  3/8/02-4/8/03; (collectively referred to as "NORTHERN BLUE RIBBON Policies").

3  Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an

4  additional insured under the NORTHERN BLUE RIBBON Policies.

5      136.   Plaintiff is informed and believes and thereon alleges Defendant NORTHERN

6  issued the following commercial general liability insurance policies under which HLK

7  CONSTRUCTION, INC. was a named insured: policy number SCP039848255; effective

8  2/22/03-2/22/05; (collectively referred to as "NORTHERN HLK Policies"). Plaintiff is

9  informed and believes and thereon alleges Parkland Homes is named as an additional

10  insured under the NORTHERN HLK Policies.

11      137.   Plaintiff is informed and believes and thereon alleges Defendant OLD

12  REPUBLIC issued the following commercial general liability insurance policies under

13  which MILGARD MANUFACTURING, INC. was a named insured: policy number

14  MWZY55525-08; effective 6/30/08-6/30/09; (collectively referred to as "OLD REPUBLIC

15  MILGARD Policies"). Plaintiff is informed and believes and thereon alleges Parkland

16  Homes is named as an additional insured under the OLD REPUBLIC MILGARD Policies.

17      138.   Plaintiff is informed and believes and thereon alleges Defendant

18  PENNSYLVANIA GENERAL issued the following commercial general liability insurance

19  policies under which GRANITE BAY ELECTRIC, INC. was a named insured: policy

20  number CPP1220563-02; effective 11/1/01-11/1/02; (collectively referred to as

21  "NORTHERN AAA Policies"). Plaintiff is informed and believes and thereon alleges

22  Parkland Homes is named as an additional insured under the NORTHERN AAA Policies.

23      139.   Plaintiff is informed and believes and thereon alleges Defendant

24  PRAETORIAN issued the following commercial general liability insurance policies under

25  which B. CREW, INC. was a named insured: policy numbers S200000040; H010000584

26  effective 5/16/07-5/16/08; 5/16/08-5/16/09; respectively (collectively referred to as

27  "PRAETORIAN B. CREW Policies"). Plaintiff is informed and believes and thereon alleges

28

CASE NO.
COMPLAINT

1 Parkland Homes is named as an additional insured under the PRAETORIAN B. CREW

2 Policies.

3     140.   Plaintiff is informed and believes and thereon alleges Defendant

4 PRAETORIAN issued the following commercial general liability insurance policies under

5 which E.J. MASONRY, INC. was a named insured: policy number S200000069 effective

6 6/1/07-6/1/09 (collectively referred to as "PRAETORIAN E.J. Policies"). Plaintiff is

7 informed and believes and thereon alleges Parkland Homes is named as an additional

8 insured under the PRAETORIAN E.J. Policies.

9     141.   Plaintiff is informed and believes and thereon alleges Defendant

10 PRAETORIAN issued the following commercial general liability insurance policies under

11 which ROCKLIN OVERHEAD DOOR, INC. was a named insured: policy number TBA

12 effective   12/18/07-12/18/08;   12/18/07-12/18/08;   (collectively   referred   to   as

13 "PRAETORIAN ROCKLIN Policies"). Plaintiff is informed and believes and thereon

14 alleges Parkland Homes is named as an additional insured under the PRAETORIAN

15 ROCKLIN Policies.

16     142.   Plaintiff is informed and believes and thereon alleges Defendant

17 PROBUILDERS issued the following commercial general liability insurance policies under

18 which SIERRA PACIFIC LATH & PLASTER was a named insured: policy numbers

19 GIB5001634; COM5005385; COM5010658; COM5016188; effective 7/30/04-7/30/05;

20 7/30/05-7/30/06; 7/30/06-7/30/07; 7/30/07-7/30/08; respectively; (collectively referred to as

21 "PROBUILDERS SIERRA Policies"). Plaintiff is informed and believes and thereon alleges

22 Parkland Homes is named as an additional insured under the PROBUILDERS SIERRA

23 Policies.

24     143.   Plaintiff is informed and believes and thereon alleges Defendant

25 PROBUILDERS issued the following commercial general liability insurance policies under

26 which ULTRA GLASS, INC. was a named insured: policy numbers TRI5000985;

27 TRI5005035; TRI5010255; effective 7/1/04-7/1/05; 7/1/05-7/1/06; 7/1/06-7/1/07;

28 respectively; (collectively referred to as "PROBUILDERS ULTRA Policies"). Plaintiff is

1  informed and believes and thereon alleges Parkland Homes is named as an additional
2  insured under the PROBUILDERS ULTRA Policies.

3       144.   Plaintiff is informed and believes and thereon alleges Defendant STATE
4  issued the following commercial general liability insurance policies under which REDLINE
5  DRYWALL, INC. was a named insured: policy number CAL60000216; effective 8/28/08-
6  8/28/09; respectively; (collectively referred to as "STATE REDLINE Policies"). Plaintiff is
7  informed and believes and thereon alleges Parkland Homes is named as an additional
8  insured under the STATE REDLINE Policies.

9       145.   Plaintiff is informed and believes and thereon alleges Defendant STEADFAST
10 issued the following commercial general liability insurance policies under which GRAND
11 FLOOR DESIGN, INC, dba CREATIVE TOUCH INTERIORS was a named insured:
12 policy numbers IPR3757608-01; GLO3878450-00 effective 2/1/06-2/1/07; 2/1/07-3/1/08;
13 respectively; (collectively referred to as "STEADFAST GRAND FLOOR Policies").
14 Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an
15 additional insured under the STEADFAST GRAND FLOOR Policies.

16      146.   Plaintiff is informed and believes and thereon alleges Defendant VALIANT
17 issued the following commercial general liability insurance policies under which A-1
18 DOOR AND BUILDING SOLUTIONS was a named insured: policy number CPO2863092;
19 effective 7/1/04-7/1/05; respectively; (collectively referred to as "VALIANT A-1 Policies").
20 Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an
21 additional insured under the VALIANT A-1 Policies.

22      147.   Plaintiff is informed and believes and thereon alleges Defendant ZURICH
23 issued the following commercial general liability insurance policies under which AIR
24 DESIGN, INC. was a named insured: policy numbers GLO02978780; GLO2978780;
25 GLO3728726 effective 2/16/00-2/16/01; 2/16/01-2/16/05; 9/1/03-9/1/04; respectively
26 (collectively referred to as "ZURICH AIR DESIGN Policies"). Plaintiff is informed and
27 believes and thereon alleges Parkland Homes is named as an additional insured under the
28 ZURICH Air Design Policies.

148.   Plaintiff is informed and believes and thereon alleges Defendant ZURICH issued the following commercial general liability insurance policies under which B. CREW, INC. was a named insured: policy number SCP37869022; effective 24/4/02-4/4/05 (collectively referred to as "ZURICH B. Crew Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the ZURICH B. CREW Policies.

149.   Plaintiff is informed and believes and thereon alleges Defendant ZURICH issued the following commercial general liability insurance policies under which GOLD STAR INSULATION, INC. was a named insured: policy number GLO913952701 effective 10/1/07-10/1/08; (collectively referred to as "ZURICH GOLD STAR Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the ZURICH GOLD STAR Policies.

150.   Plaintiff is informed and believes and thereon alleges Defendant ZURICH issued the following commercial general liability insurance policies under which KERRY MCCAFFREY CONSTRUCTION was a named insured: policy numbers SCP35566786; effective 10/1/99-10/1/00; 10/1/00-10/1/01 (collectively referred to as "ZURICH KERRY Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the ZURICH KERRY Policies.

151.   Plaintiff is informed and believes and thereon alleges Defendant ZURICH issued the following commercial general liability insurance policies under which LARRY D. PETTIBONE was a named insured: policy number SCP38458767 effective 7/12/02-7/12/03 (collectively referred to as "ZURICH LARRY D. Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an additional insured under the ZURICH LARRY D. Policies.

152.   Plaintiff is informed and believes and thereon alleges Defendant ZURICH issued the following commercial general liability insurance policies under which MAGIC PAINTING was a named insured: policy number SCP038847316 effective 29/11/02-9/11/05 (collectively referred to as "ZURICH MAGIC Policies"). Plaintiff is informed and believes

1   and thereon alleges Parkland Homes is named as an additional insured under the ZURICH

2   MAGIC Policies.

3       153.   Plaintiff is informed and believes and thereon alleges Defendant ZURICH

4   issued the following commercial general liability insurance policies under which

5   SACRAMENTO A-1 DOOR was a named insured: policy numbers CMM31517619;

6   CMM41161606; CPO2863092 effective 7/1/01-7/1/02; 7/1/02-7/1/03; 7/1/03-7/1/05;

7   respectively (collectively referred to as "ZURICH SACRAMENTO Policies"). Plaintiff is

8   informed and believes and thereon alleges Parkland Homes is named as an additional

9   insured under the ZURICH SACRAMENTO Policies.

10      154.   Plaintiff is informed and believes and thereon alleges Defendant ZURICH

11  issued the following commercial general liability insurance policies under which SIERRA

12  PACIFIC LATH & PLASTER, INC. was a named insured: policy number SCP38458767

13  effective 7/12/01-7/12/03; (collectively referred to as "ZURICH SIERRA Policies").

14  Plaintiff is informed and believes and thereon alleges Parkland Homes is named as an

15  additional insured under the ZURICH SIERRA Policies.

16      155.   Plaintiff is informed and believes and thereon alleges Defendant ZURICH

17  issued the following commercial general liability insurance policies under which VERNE

18  BRADBURY dba VB FENCE COMPANY, INC. was a named insured: policy number

19  SCP00215287; effective 10/7/04-10/7/05; respectively (collectively referred to as "ZURICH

20  VB Policies"). Plaintiff is informed and believes and thereon alleges Parkland Homes is

21  named as an additional insured under the ZURICH VB Policies.

22      156.   Plaintiff is informed and believes and thereon alleges each of the policies

23  issued by the Defendants identified herein fictitiously as DOES 1 to 10 name or designate

24  Parkland Homes as an insured thereon, whether as a named insured or an additional insured.

25      157.   Defendants ACE, ALLIED, AMCO, AMERICAN HOME ASSURANCE,

26  AMERICAN INTERNATIONAL, AMERICAN CLAIMS, ASIC, AMERICAN SAFETY,

27  ARCH, ASSURANCE, AXIS, CATALINA, CENTURY, CHARTIS, CLARENDON,

28  ENVIRONMENTAL, EVEREST INDEMNITY, EVEREST NATIONAL, FARMERS,

1 FINANCIAL PACIFIC, FIRST MERCURY, GOLDEN EAGLE, GREAT AMERICAN,
2 HARTFORD, HARTFORD FIRE, ILLINOIS UNION, INSCORP, INTERSTATE FIRE,
3 LEXINGTON, LLOYD'S, LUMBERMENS, MARYLAND, NATIONAL UNION,
4 NATIONWIDE, NAVIGATORS, NIC, NORTHERN, OLD REPUBLIC,
5 PENNSYLVANIA, PRAETORIAN, PROBUILDERS, STATE, STEADFAST, VALIANT,
6 ZURICH and DOES 1 through 10 are in possession of their respective policies of insurance
7 and know the terms and contents thereof, to an equal or greater extent than Plaintiff.
8 However, on information and belief, Plaintiff alleges the Defendants' policies provide an
9 insuring agreement and are written on standard forms which provide, in part, an agreement
10 to defend any insured from and against suits seeking damages potentially covered under the
11 insurance policies and to pay any amounts the insured is legally obligated to pay for covered
12 damages.

13     158.   Plaintiff is informed and believes by reason of the declarations and/or
14 additional insured endorsements on ACE, ALLIED, AMCO, AMERICAN HOME
15 ASSURANCE, AMERICAN INTERNATIONAL, AMERICAN CLAIMS, ASIC,
16 AMERICAN SAFETY, ARCH, ASSURANCE, AXIS, CATALINA, CENTURY,
17 CHARTIS, CLARENDON, ENVIRONMENTAL, EVEREST INDEMNITY, EVEREST
18 NATIONAL, FARMERS, FINANCIAL PACIFIC, FIRST MERCURY, GOLDEN EAGLE,
19 GREAT AMERICAN, HARTFORD, HARTFORD FIRE, ILLINOIS UNION, INSCORP,
20 INTERSTATE FIRE, LEXINGTON, LLOYD'S, LUMBERMENS, MARYLAND,
21 NATIONAL UNION, NATIONWIDE, NAVIGATORS, NIC, NORTHERN, OLD
22 REPUBLIC, PENNSYLVANIA, PRAETORIAN, PROBUILDERS, STATE,
23 STEADFAST, VALIANT, ZURICH and DOES' 1 through 10 policies, Parkland Homes is
24 an insured on these Defendants' policies for purposes of the insuring agreement(s) therein.

25     **B.**    **The Underlying Action**

26     159.   The Underlying Action relates to the development and construction of 77
27 single family homes in four different subdivisions in the master planned community known

28

as "Twelve Bridges" located in Lincoln, California ("The Project"). Parkland Homes served as the developer/owner, as well as the general contractor for the project.

160.   On or about October 8, 2010, the homeowners filed their First Amended Complaint entitled *Linda A. Fluken, et al v. Parkland Homes, Inc. et al* Placer County Superior Court Case No. S-CV-27709 ("Underlying Action") alleging the following causes of action: (1) Strict Products Liability; (2) Strict Products Liability (Component Products); (3) Violation of Building Standards as set forth in California Civil Code 896; (4) Breach of Implied Warranty (Merchantability); (5) Breach of Contract; (6) Negligence; and (7) Breach of Express Warranty. The plaintiff homeowners allege a variety of construction defects.

161.   Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ST. PAUL as an additional insured under the ST. PAUL Policies.  ST. PAUL, subject to a full reservation of rights agreed to defend Parkland Homes in the Underlying Action.

162.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ACE, ALLIED, AMCO, AMERICAN HOME ASSURANCE, AMERICAN INTERNATIONAL, AMERICAN CLAIMS, ASIC, AMERICAN SAFETY, ARCH, ASSURANCE, AXIS, CATALINA, CENTURY, CHARTIS, CLARENDON, EVEREST INDEMNITY, EVEREST NATIONAL, FARMERS, FINANCIAL PACIFIC, FIRST MERCURY, GOLDEN EAGLE, GREAT AMERICAN, HARTFORD, HARTFORD FIRE, ILLINOIS UNION, INSCORP, INTERSTATE FIRE, LEXINGTON, LLOYD'S, LUMBERMENS, MARYLAND, NATIONAL UNION, NATIONWIDE, NAVIGATORS, NIC, NORTHERN, OLD REPUBLIC, PENNSYLVANIA, PRAETORIAN, PROBUILDERS, STATE, STEADFAST, VALIANT, ZURICH and DOES 1 through 10 as a named insured or an additional insured under the carriers' respective policies of insurance.  Plaintiff is informed and believes and thereon alleges ACE, ALLIED, AMCO, AMERICAN HOME ASSURANCE, AMERICAN INTERNATIONAL, AMERICAN CLAIMS, ASIC, AMERICAN SAFETY, ARCH, ASSURANCE, AXIS, CATALINA, CENTURY,

1   CHARTIS,   CLARENDON,   EVEREST   INDEMNITY,   EVEREST   NATIONAL,

2   FARMERS, FINANCIAL PACIFIC, FIRST MERCURY, GOLDEN EAGLE, GREAT

3   AMERICAN,   HARTFORD,   HARTFORD   FIRE,   ILLINOIS   UNION,   INSCORP,

4   INTERSTATE   FIRE,   LEXINGTON,   LLOYD'S,   LUMBERMENS,   MARYLAND,

5   NATIONAL   UNION,   NATIONWIDE,   NAVIGATORS,   NIC,   NORTHERN,   OLD

6   REPUBLIC,     PENNSYLVANIA,     PRAETORIAN,     PROBUILDERS,     STATE,

7   STEADFAST, VALIANT, ZURICH and DOES 1 through 10 have either denied or refused

8   to respond to Parkland Homes' tenders.

9       163.   Plaintiff is informed and believes and thereon alleges Parkland Homes

10  tendered its defense and indemnity with regard to the Underlying Action to ACE, as an

11  additional insured under the ACE FIRESIDE Policies. Plaintiff is informed and believes and

12  thereon alleges ACE denied Parkland Homes' tender.

13      164.   Plaintiff is informed and believes and thereon alleges Parkland Homes

14  tendered its defense and indemnity with regard to the Underlying Action to ACE, as an

15  additional insured under the ACE GARAGE DOOR Policies. Plaintiff is informed and

16  believes and thereon alleges ACE denied Parkland Homes' tender.

17      165.   Plaintiff is informed and believes and thereon alleges Parkland Homes

18  tendered its defense and indemnity with regard to the Underlying Action to ALLIED, as an

19  additional insured under the ALLIED DUGMAR Policies. Plaintiff is informed and believes

20  and thereon alleges ALLIED denied Parkland Homes' tender.

21      166.   Plaintiff is informed and believes and thereon alleges Parkland Homes

22  tendered its defense and indemnity with regard to the Underlying Action to AMCO, as an

23  additional insured under the AMCO MAGIC Policies. Plaintiff is informed and believes and

24  thereon alleges ACE denied Parkland Homes' tender.

25      167.   Plaintiff is informed and believes and thereon alleges Parkland Homes

26  tendered its defense and indemnity with regard to the Underlying Action to AMERICAN

27  HOME, as an additional insured under the AMERICAN HOME GARAGE DOOR Policies.

28

1 Plaintiff is informed and believes and thereon alleges AMERICAN HOME denied Parkland

2 Homes' tender.

3      168.   Plaintiff is informed and believes and thereon alleges Parkland Homes

4 tendered its defense and indemnity with regard to the Underlying Action to AMERICAN

5 HOME, as an additional insured under the AMERICAN HOME GRAND FLOOR Policies.

6 Plaintiff is informed and believes and thereon alleges AMERICAN HOME denied Parkland

7 Homes' tender.

8      169.   Plaintiff is informed and believes and thereon alleges Parkland Homes

9 tendered its defense and indemnity with regard to the Underlying Action to AMERICAN

10 INTERNATIONAL, as an additional insured under the AMERICAN INTERNATIONAL

11 VACA VALLEY Policies.  Plaintiff is informed and believes and thereon alleges

12 AMERICAN INTERNATIONAL denied Parkland Homes' tender.

13      170.   Plaintiff is informed and believes and thereon alleges Parkland Homes

14 tendered its defense and indemnity with regard to the Underlying Action to AMERICAN

15 CLAIMS, as an additional insured under the AMERICAN CLAIMS SACRAMENTO

16 Policies. Plaintiff is informed and believes and thereon alleges AMERICAN CLAIMS

17 denied Parkland Homes' tender.

18      171.   Plaintiff is informed and believes and thereon alleges Parkland Homes

19 tendered its defense and indemnity with regard to the Underlying Action to AMERICAN

20 SAFETY, as an additional insured under the AMERICAN SAFETY A-1 DOOR Policies.

21 Plaintiff is informed and believes and thereon alleges AMERICAN SAFETY denied

22 Parkland Homes' tender.

23      172.   Plaintiff is informed and believes and thereon alleges Parkland Homes

24 tendered its defense and indemnity with regard to the Underlying Action to AMERICAN

25 SAFETY, as an additional insured under the AMERICAN SAFETY CVC Policies. Plaintiff

26 is informed and believes and thereon alleges AMERICAN SAFETY denied Parkland

27 Homes' tender.

28

CASE NO.
COMPLAINT

173. Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to AMERICAN SAFETY, as an additional insured under the AMERICAN SAFETY BLAZONA Policies. Plaintiff is informed and believes and thereon alleges AMERICAN SAFETY denied Parkland Homes' tender.

174. Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to AMERICAN SAFETY, as an additional insured under the AMERICAN SAFETY G.R. Policies. Plaintiff is informed and believes and thereon alleges AMERICAN SAFETY denied Parkland Homes' tender.

175. Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to AMERICAN SAFETY, as an additional insured under the AMERICAN SAFETY VENTURE LATH Policies. Plaintiff is informed and believes and thereon alleges AMERICAN SAFETY denied Parkland Homes' tender.

176. Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ASI, as an additional insured under the ASI CEDAR Policies. Plaintiff is informed and believes and thereon alleges ASI denied Parkland Homes' tender.

177. Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ARCH, as an additional insured under the ARCH AIR Policies. Plaintiff is informed and believes and thereon alleges ARCH denied Parkland Homes' tender.

178. Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ARCH, as an additional insured under the ARCH AMNUNDSON Policies. Plaintiff is informed and believes and thereon alleges ARCH denied Parkland Homes' tender.

179.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ARCH, as an additional insured under the ARCH BEUTLER Policies. Plaintiff is informed and believes and thereon alleges ARCH denied Parkland Homes' tender.

180.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ARCH, as an additional insured under the ARCH DELTA Policies. Plaintiff is informed and believes and thereon alleges ARCH denied Parkland Homes' tender.

181.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ARCH, as an additional insured under the ARCH FERRARI Policies. Plaintiff is informed and believes and thereon alleges ARCH denied Parkland Homes' tender.

182.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ARCH, as an additional insured under the ARCH G.R. Policies. Plaintiff is informed and believes and thereon alleges ARCH denied Parkland Homes' tender.

183.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ARCH, as an additional insured under the ARCH GENERAL Policies. Plaintiff is informed and believes and thereon alleges ARCH denied Parkland Homes' tender.

184.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ARCH, as an additional insured under the ARCH HERITAGE Policies. Plaintiff is informed and believes and thereon alleges ARCH denied Parkland Homes' tender.

185.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ARCH, as an additional insured under the ARCH METHVIN Policies. Plaintiff is informed and believes and thereon alleges ARCH denied Parkland Homes' tender.

186.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ARCH, as an additional insured under the ARCH MAJOR Policies. Plaintiff is informed and believes and thereon alleges ARCH denied Parkland Homes' tender.

187.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ARCH, as an additional insured under the ARCH REDLINE Policies. Plaintiff is informed and believes and thereon alleges ARCH denied Parkland Homes' tender.

188.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ASSURANCE, as an additional insured under the ASSURANCE AAA Policies. Plaintiff is informed and believes and thereon alleges ASSURANCE denied Parkland Homes' tender.

189.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ASSURANCE, as an additional insured under the ASSURANCE LARRY D. Policies. Plaintiff is informed and believes and thereon alleges ASSURANCE denied Parkland Homes' tender.

190.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to AXIS, as an additional insured under the AXIS BLUE RIBBON Policies. Plaintiff is informed and believes and thereon alleges AXIS denied Parkland Homes' tender.

191.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to CATALINA, as an additional insured under the CATALINA REDLINE Policies. Plaintiff is informed and believes and thereon alleges CATALINA denied Parkland Homes' tender.

192.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to CENTURY, as an additional insured under the CENTURY GOLD STAR Policies. Plaintiff is informed and believes and thereon alleges CENTURY denied Parkland Homes' tender.

46

193.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to CENTURY, as an additional insured under the CENTURY VB Policies. Plaintiff is informed and believes and thereon alleges CENTURY denied Parkland Homes' tender.

194.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to CHARTIS, as an additional insured under the CHARTIS CREATIVE Policies. Plaintiff is informed and believes and thereon alleges CHARTIS denied Parkland Homes' tender.

195.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to CLARENDON, as an additional insured under the CLARENDON B. CREW Policies. Plaintiff is informed and believes and thereon alleges CLARENDON denied Parkland Homes' tender.

196.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to CLARENDON, as an additional insured under the CLARENDON E.J. Policies. Plaintiff is informed and believes and thereon alleges CLARENDON denied Parkland Homes' tender.

197.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to CLARENDON, as an additional insured under the CLARENDON GRANITE BAY Policies. Plaintiff is informed and believes and thereon alleges CLARENDON denied Parkland Homes' tender.

198.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to CLARENDON, as an additional insured under the CLARENDON HIGH SIERRA. Policies. Plaintiff is informed and believes and thereon alleges CLARENDON denied Parkland Homes' tender.

199.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to CLARENDON, as an additional insured under the CLARENDON LIBERTY BELL Policies. Plaintiff is informed and believes and thereon alleges CLARENDON denied Parkland Homes' tender.

200.     Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to CLARENDON, as an additional insured under the CLARENDON ROCKLIN Policies. Plaintiff is informed and believes and thereon alleges CLARENDON denied Parkland Homes' tender.

201.     Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to EVEREST, as an additional insured under the EVEREST AAA Policies. Plaintiff is informed and believes and thereon alleges EVEREST denied Parkland Homes' tender.

202.     Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to EVEREST NATIONAL, as an additional insured under the EVEREST NATIONAL AHRENS Policies. Plaintiff is informed and believes and thereon alleges EVEREST NATIONAL denied Parkland Homes' tender.

203.     Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to EVEREST NATIONAL, as an additional insured under the EVEREST NATIONAL HERITAGE Policies. Plaintiff is informed and believes and thereon alleges EVEREST NATIONAL denied Parkland Homes' tender.

204.     Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to FARMERS, as an additional insured under the FARMERS VB Policies. Plaintiff is informed and believes and thereon alleges FARMERS denied Parkland Homes' tender.

205.     Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to FINANCIAL PACIFIC, as an additional insured under the FINANCIAL PACIFIC B. CREW Policies. Plaintiff is informed and believes and thereon alleges FINANCIAL PACIFIC denied Parkland Homes' tender.

206.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to FINANCIAL PACIFIC, as an additional insured under the FINANCIAL PACIFIC HOWARD Policies. Plaintiff is informed and believes and thereon alleges FINANCIAL PACIFIC denied Parkland Homes' tender.

207.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to FINANCIAL PACIFIC, as an additional insured under the FINANCIAL PACIFIC PARKER Policies. Plaintiff is informed and believes and thereon alleges FINANCIAL PACIFIC denied Parkland Homes' tender.

208.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to FINANCIAL PACIFIC, as an additional insured under the FINANCIAL PACIFIC ROCKLIN Policies. Plaintiff is informed and believes and thereon alleges FINANCIAL PACIFIC denied Parkland Homes' tender.

209.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to FINANCIAL PACIFIC, as an additional insured under the FINANCIAL PACIFIC SIERRA Policies. Plaintiff is informed and believes and thereon alleges FINANCIAL PACIFIC denied Parkland Homes' tender.

210.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to FIRST MERCURY, as an additional insured under the FIRST MERCURY EASY LIFT Policies. Plaintiff is informed and believes and thereon alleges FIRST MERCURY denied Parkland Homes' tender.

211.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to FIRST MERCURY, as an additional insured under the FIRST MERCURY INTERNATIONAL

1   Policies. Plaintiff is informed and believes and thereon alleges FIRST MERCURY denied

2   Parkland Homes' tender.

3       212.   Plaintiff is informed and believes and thereon alleges Parkland Homes

4   tendered its defense and indemnity with regard to the Underlying Action to FIRST

5   MERCURY, as an additional insured under the FIRST MERCURY LIBERTY BELL

6   Policies. Plaintiff is informed and believes and thereon alleges FIRST MERCURY denied

7   Parkland Homes' tender.

8       213.   Plaintiff is informed and believes and thereon alleges Parkland Homes

9   tendered its defense and indemnity with regard to the Underlying Action to FIRST

10  MERCURY, as an additional insured under the FIRST MERCURY THR Policies. Plaintiff

11  is informed and believes and thereon alleges FIRST MERCURY denied Parkland Homes'

12  tender.

13      214.   Plaintiff is informed and believes and thereon alleges Parkland Homes

14  tendered its defense and indemnity with regard to the Underlying Action to GOLDEN

15  EAGLE, as an additional insured under the GOLDEN EAGLE AMUNDSON Policies.

16  Plaintiff is informed and believes and thereon alleges GOLDEN EAGLE denied Parkland

17  Homes' tender.

18      215.   Plaintiff is informed and believes and thereon alleges Parkland Homes

19  tendered its defense and indemnity with regard to the Underlying Action to GREAT

20  AMERICAN, as an additional insured under the GREAT AMERICAN DELTA Policies.

21  Plaintiff is informed and believes and thereon alleges GREAT AMERICAN denied

22  Parkland Homes' tender.

23      216.   Plaintiff is informed and believes and thereon alleges Parkland Homes

24  tendered its defense and indemnity with regard to the Underlying Action to HARTFORD, as

25  an additional insured under the HARTFORD THR Policies. Plaintiff is informed and

26  believes and thereon alleges HARTFORD denied Parkland Homes' tender.

27      217.   Plaintiff is informed and believes and thereon alleges Parkland Homes

28  tendered its defense and indemnity with regard to the Underlying Action to HARTFORD

1  FIRE, as an additional insured under the HARTFORD FIRE WAYNE-DALTON Policies.

2  Plaintiff is informed and believes and thereon alleges HARTFORD FIRE denied Parkland

3  Homes' tender.

4      218.  Plaintiff is informed and believes and thereon alleges Parkland Homes

5  tendered its defense and indemnity with regard to the Underlying Action to ILLINOIS

6  UNION, as an additional insured under the ILLINOIS UNION METHVIN Policies.

7  Plaintiff is informed and believes and thereon alleges ILLINOIS UNION denied Parkland

8  Homes' tender.

9      219.  Plaintiff is informed and believes and thereon alleges Parkland Homes

10  tendered its defense and indemnity with regard to the Underlying Action to INSCORP, as an

11  additional insured under the INSCORP FERRARI Policies. Plaintiff is informed and

12  believes and thereon alleges INSCORP denied Parkland Homes' tender.

13      220.  Plaintiff is informed and believes and thereon alleges Parkland Homes

14  tendered its defense and indemnity with regard to the Underlying Action to INSCORP, as an

15  additional insured under the INSCORP VENTURE LATH Policies. Plaintiff is informed

16  and believes and thereon alleges INSCORP denied Parkland Homes' tender.

17      221.  Plaintiff is informed and believes and thereon alleges Parkland Homes

18  tendered its defense and indemnity with regard to the Underlying Action to INTERSTATE

19  FIRE, as an additional insured under the INTERSTATE FIRE CALHOUN Policies.

20  Plaintiff is informed and believes and thereon alleges INTERSTATE FIRE denied Parkland

21  Homes' tender.

22      222.  Plaintiff is informed and believes and thereon alleges Parkland Homes

23  tendered its defense and indemnity with regard to the Underlying Action to INTERSTATE

24  FIRE, as an additional insured under the INTERSTATE FIRE GRANITE BAY Policies.

25  Plaintiff is informed and believes and thereon alleges INTERSTATE FIRE denied Parkland

26  Homes' tender.

27      223.  Plaintiff is informed and believes and thereon alleges Parkland Homes

28  tendered its defense and indemnity with regard to the Underlying Action to INTERSTATE

1  FIRE, as an additional insured under the INTERSTATE FIRE GRAND Policies. Plaintiff is

2  informed and believes and thereon alleges INTERSTATE FIRE denied Parkland Homes'

3  tender.

4       224.   Plaintiff is informed and believes and thereon alleges Parkland Homes

5  tendered its defense and indemnity with regard to the Underlying Action to LEXINGTON,

6  as an additional insured under the LEXINGTON BLAZONA Policies. Plaintiff is informed

7  and believes and thereon alleges LEXINGTON denied Parkland Homes' tender.

8       225.   Plaintiff is informed and believes and thereon alleges Parkland Homes

9  tendered its defense and indemnity with regard to the Underlying Action to LEXINGTON,

10  as an additional insured under the LEXINGTON E.J. Policies. Plaintiff is informed and

11  believes and thereon alleges LEXINGTON denied Parkland Homes' tender.

12       226.   Plaintiff is informed and believes and thereon alleges Parkland Homes

13  tendered its defense and indemnity with regard to the Underlying Action to LEXINGTON,

14  as an additional insured under the LEXINGTON EASY LIFT Policies. Plaintiff is informed

15  and believes and thereon alleges LEXINGTON denied Parkland Homes' tender.

16       227.   Plaintiff is informed and believes and thereon alleges Parkland Homes

17  tendered its defense and indemnity with regard to the Underlying Action to LEXINGTON,

18  as an additional insured under the LEXINGTON FERRARI Policies. Plaintiff is informed

19  and believes and thereon alleges LEXINGTON denied Parkland Homes' tender.

20       228.   Plaintiff is informed and believes and thereon alleges Parkland Homes

21  tendered its defense and indemnity with regard to the Underlying Action to LEXINGTON,

22  as an additional insured under the LEXINGTON GOLD STAR Policies. Plaintiff is

23  informed and believes and thereon alleges LEXINGTON denied Parkland Homes' tender.

24       229.   Plaintiff is informed and believes and thereon alleges Parkland Homes

25  tendered its defense and indemnity with regard to the Underlying Action to LEXINGTON,

26  as an additional insured under the LEXINGTON GRAND Policies. Plaintiff is informed and

27  believes and thereon alleges LEXINGTON denied Parkland Homes' tender.

28

52

230.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to LEXINGTON, as an additional insured under the LEXINGTON KIWI Policies. Plaintiff is informed and believes and thereon alleges LEXINGTON denied Parkland Homes' tender.

231.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to LEXINGTON, as an additional insured under the LEXINGTON MAGIC Policies. Plaintiff is informed and believes and thereon alleges LEXINGTON denied Parkland Homes' tender.

232.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to LEXINGTON, as an additional insured under the LEXINGTON MAJOR Policies. Plaintiff is informed and believes and thereon alleges LEXINGTON denied Parkland Homes' tender.

233.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to LEXINGTON, as an additional insured under the LEXINGTON VENTURE Policies. Plaintiff is informed and believes and thereon alleges LEXINGTON denied Parkland Homes' tender.

224.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to LEXINGTON, as an additional insured under the LEXINGTON WESTERN Policies. Plaintiff is informed and believes and thereon alleges LEXINGTON denied Parkland Homes' tender.

225.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to LLOYD'S, as an additional insured under the LLOYD'S KERRY Policies. Plaintiff is informed and believes and thereon alleges LLOYD'S denied Parkland Homes' tender.

226.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to LUMBERMENS, as an additional insured under the LUMBERMENS GARAGE DOOR

1   Policies. Plaintiff is informed and believes and thereon alleges LUMBERMENS denied

2   Parkland Homes' tender.

3       227.   Plaintiff is informed and believes and thereon alleges Parkland Homes

4   tendered its defense and indemnity with regard to the Underlying Action to MARYLAND,

5   as an additional insured under the MARYLAND GRANITE BAY Policies. Plaintiff is

6   informed and believes and thereon alleges MARYLAND denied Parkland Homes' tender.

7       228.   Plaintiff is informed and believes and thereon alleges Parkland Homes

8   tendered its defense and indemnity with regard to the Underlying Action to MARYLAND,

9   as an additional insured under the MARYLAND HOWARD Policies. Plaintiff is informed

10  and believes and thereon alleges MARYLAND denied Parkland Homes' tender.

11      229.   Plaintiff is informed and believes and thereon alleges Parkland Homes

12  tendered its defense and indemnity with regard to the Underlying Action to NATIONAL

13  UNION, as an additional insured under the NATIONAL UNION VACA VALLEY Policies.

14  Plaintiff is informed and believes and thereon alleges NATIONAL UNION denied Parkland

15  Homes' tender.

16      230.   Plaintiff is informed and believes and thereon alleges Parkland Homes

17  tendered its defense and indemnity with regard to the Underlying Action to NATIONWIDE,

18  as an additional insured under the NATIONWIDE MAGIC Policies. Plaintiff is informed

19  and believes and thereon alleges NATIONWIDE denied Parkland Homes' tender.

20      231.   Plaintiff is informed and believes and thereon alleges Parkland Homes

21  tendered its defense and indemnity with regard to the Underlying Action to NAVIGATORS,

22  as an additional insured under the NAVIGATORS CALHOUN Policies. Plaintiff is

23  informed and believes and thereon alleges NAVIGATORS denied Parkland Homes' tender.

24      232.   Plaintiff is informed and believes and thereon alleges Parkland Homes

25  tendered its defense and indemnity with regard to the Underlying Action to NIC, as an

26  additional insured under the NIC EXTERIOR Policies. Plaintiff is informed and believes

27  and thereon alleges NIC denied Parkland Homes' tender.

28

233. Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to NIC, as an additional insured under the NIC VENTURE Policies. Plaintiff is informed and believes and thereon alleges NIC denied Parkland Homes' tender.

234. Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to NORTHERN, as an additional insured under the NORTHERN AAA Policies. Plaintiff is informed and believes and thereon alleges NORTHERN denied Parkland Homes' tender.

235. Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to NORTHERN, as an additional insured under the NORTHERN BLUE RIBBON Policies. Plaintiff is informed and believes and thereon alleges NORTHERN denied Parkland Homes' tender.

236. Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to NORTHERN, as an additional insured under the NORTHERN HLK Policies. Plaintiff is informed and believes and thereon alleges NORTHERN denied Parkland Homes' tender.

237. Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to OLD REPUBLIC, as an additional insured under the OLD REPUBLIC MILGARD Policies. Plaintiff is informed and believes and thereon alleges OLD REPUBLIC denied Parkland Homes' tender.

238. Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to PENNSYLVANIA GENERAL, as an additional insured under the PENNSYLVANIA GENERAL GRANITE BAY Policies. Plaintiff is informed and believes and thereon alleges PENNSYLVANIA GENERAL denied Parkland Homes' tender.

239. Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to PRAETORIAN,

1  as an additional insured under the PRAETORIAN B. CREW Policies. Plaintiff is informed

2  and believes and thereon alleges PRAETORIAN denied Parkland Homes' tender.

3      240.  Plaintiff is informed and believes and thereon alleges Parkland Homes

4  tendered its defense and indemnity with regard to the Underlying Action to PRAETORIAN,

5  as an additional insured under the PRAETORIAN E.J. Policies. Plaintiff is informed and

6  believes and thereon alleges PRAETORIAN denied Parkland Homes' tender.

7      241.  Plaintiff is informed and believes and thereon alleges Parkland Homes

8  tendered its defense and indemnity with regard to the Underlying Action to PRAETORIAN,

9  as an additional insured under the PRAETORIAN ROCKLIN Policies. Plaintiff is informed

10  and believes and thereon alleges PRAETORIAN denied Parkland Homes' tender.

11      242.  Plaintiff is informed and believes and thereon alleges Parkland Homes

12  tendered its defense and indemnity with regard to the Underlying Action to

13  PROBUILDERS, as an additional insured under the PROBUILDERS SIERRA Policies.

14  Plaintiff is informed and believes and thereon alleges PROBUILDERS denied Parkland

15  Homes' tender.

16      242.  Plaintiff is informed and believes and thereon alleges Parkland Homes

17  tendered its defense and indemnity with regard to the Underlying Action to

18  PROBUILDERS, as an additional insured under the PROBUILDERS ULTRA Policies.

19  Plaintiff is informed and believes and thereon alleges PROBUILDERS denied Parkland

20  Homes' tender.

21      243.  Plaintiff is informed and believes and thereon alleges Parkland Homes

22  tendered its defense and indemnity with regard to the Underlying Action to STATE, as an

23  additional insured under the STATE REDLINE Policies. Plaintiff is informed and believes

24  and thereon alleges STATE denied Parkland Homes' tender.

25      244.  Plaintiff is informed and believes and thereon alleges Parkland Homes

26  tendered its defense and indemnity with regard to the Underlying Action to STEADFAST,

27  as an additional insured under the STEADFAST GRAND FLOOR Policies. Plaintiff is

28  informed and believes and thereon alleges STEADFAST denied Parkland Homes' tender.

CASE NO.
COMPLAINT

245.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to VALIANT, as an additional insured under the VALIANT A-1 Policies. Plaintiff is informed and believes and thereon alleges VALIANT denied Parkland Homes' tender.

246.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ZURICH as an additional insured under the ZURICH AIR DESIGN Policies. Plaintiff is informed and believes and thereon alleges ZURICH denied Parkland Homes' tender.

247.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ZURICH as an additional insured under the ZURICH B. CREW Policies. Plaintiff is informed and believes and thereon alleges ZURICH denied Parkland Homes' tender.

248.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ZURICH as an additional insured under the ZURICH GOLD STAR Policies. Plaintiff is informed and believes and thereon alleges ZURICH denied Parkland Homes' tender.

249.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ZURICH as an additional insured under the ZURICH KERRY Policies. Plaintiff is informed and believes and thereon alleges ZURICH denied Parkland Homes' tender.

250.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ZURICH as an additional insured under the ZURICH LARRY D. Policies. Plaintiff is informed and believes and thereon alleges ZURICH denied Parkland Homes' tender.

251.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ZURICH as an additional insured under the ZURICH MAGIC Policies. Plaintiff is informed and believes and thereon alleges ZURICH denied Parkland Homes' tender.

252.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ZURICH as an additional insured under the ZURICH SACRAMENTO Policies. Plaintiff is informed and believes and thereon alleges ZURICH denied Parkland Homes' tender.

253.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ZURICH as an additional insured under the ZURICH SIERRA Policies. Plaintiff is informed and believes and thereon alleges ZURICH denied Parkland Homes' tender.

254.   Plaintiff is informed and believes and thereon alleges Parkland Homes tendered its defense and indemnity with regard to the Underlying Action to ZURICH as an additional insured under the ZURICH VB Policies. Plaintiff is informed and believes and thereon alleges ZURICH denied Parkland Homes' tender.

255.   Plaintiff is informed and believes and thereon alleges Parkland Homes has tendered its defense and indemnity to a number of other insurers, including DOES 1 through 10, either as a named insured or an additional insured. Plaintiff is informed and believes and thereon alleges none of these other insurance carriers have agreed to defend or indemnify Parkland Homes, however Plaintiff contends these other carriers are in fact under an obligation to defend and indemnify Parkland Homes.

256.   Plaintiff is informed and believes and thereon alleges the Defendant insurers are under an obligation to defend and/or indemnify Parkland Homes with regard to the Underlying Action and have failed to pay their equitable share towards the defense fees and costs and/or indemnity incurred by Parkland Homes.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

### (By ST. PAUL Against All Defendants)

257.   Plaintiff hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

258.   An actual, present and justiciable controversy has arisen and now exists between Plaintiffs on the one hand and the Defendants on the other, concerning their respective rights, duties and obligations under the insurance policies issued by each of them.

259.   In particular, Plaintiff contends, and is informed and believes Defendants ACE, ALLIED, AMCO, AMERICAN HOME ASSURANCE, AMERICAN INTERNATIONAL, AMERICAN CLAIMS, ASIC, AMERICAN SAFETY, ARCH, ASSURANCE, AXIS, CATALINA, CENTURY, CHARTIS, CLARENDON, EVEREST INDEMNITY, EVEREST NATIONAL, FARMERS, FINANCIAL PACIFIC, FIRST MERCURY, GOLDEN EAGLE, GREAT AMERICAN, HARTFORD, HARTFORD FIRE, ILLINOIS UNION, INSCORP, INTERSTATE FIRE, LEXINGTON, LLOYD'S, LUMBERMENS, MARYLAND, NATIONAL UNION, NATIONWIDE, NAVIGATORS, NIC, NORTHERN, OLD REPUBLIC, PENNSYLVANIA, PRAETORIAN, PROBUILDERS, STATE, STEADFAST, VALIANT, ZURICH and DOES 1 through 10 deny the following:

    a.  Defendants ACE, ALLIED, AMCO, AMERICAN HOME ASSURANCE, AMERICAN INTERNATIONAL, AMERICAN CLAIMS, ASIC, AMERICAN SAFETY, ARCH, ASSURANCE, AXIS, CATALINA, CENTURY, CHARTIS, CLARENDON, EVEREST INDEMNITY, EVEREST NATIONAL, FARMERS, FINANCIAL PACIFIC, FIRST MERCURY, GOLDEN EAGLE, GREAT AMERICAN, HARTFORD, HARTFORD FIRE, ILLINOIS UNION, INSCORP, INTERSTATE FIRE, LEXINGTON, LLOYD'S, LUMBERMENS, MARYLAND, NATIONAL UNION, NATIONWIDE, NAVIGATORS, NIC, NORTHERN, OLD REPUBLIC, PENNSYLVANIA, PRAETORIAN, PROBUILDERS, STATE, STEADFAST, VALIANT, ZURICH and DOES 1 through 10 have and had a duty to defend and/or indemnify Parkland Homes against the claims, demands, actions, and causes of action asserted against Parkland Homes in the Underlying Action.

b. Defendants ACE, ALLIED, AMCO, AMERICAN HOME ASSURANCE, AMERICAN INTERNATIONAL, AMERICAN CLAIMS, ASIC, AMERICAN SAFETY, ARCH, ASSURANCE, AXIS, CATALINA, CENTURY, CHARTIS, CLARENDON, EVEREST INDEMNITY, EVEREST NATIONAL, FARMERS, FINANCIAL PACIFIC, FIRST MERCURY, GOLDEN EAGLE, GREAT AMERICAN, HARTFORD, HARTFORD FIRE, ILLINOIS UNION, INSCORP, INTERSTATE FIRE, LEXINGTON, LLOYD'S, LUMBERMENS, MARYLAND, NATIONAL UNION, NATIONWIDE, NAVIGATORS, NIC, NORTHERN, OLD REPUBLIC, PENNSYLVANIA, PRAETORIAN, PROBUILDERS, STATE, STEADFAST, VALIANT, ZURICH and DOES 1 through 10 had and have an equitable duty and responsibility to pay a fair and proportionate share of costs of or defense and/or indemnity incurred on behalf of Parkland Homes.

c. The costs of defending and/or indemnifying Parkland Homes have been and are being borne disproportionately by Plaintiff; and

d. The costs associated with the defense and/or indemnification of Parkland Homes should be equitably apportioned between Plaintiff and Defendants ACE, ALLIED, AMCO, AMERICAN HOME ASSURANCE, AMERICAN INTERNATIONAL, AMERICAN CLAIMS, ASIC, AMERICAN SAFETY, ARCH, ASSURANCE, AXIS, CATALINA, CENTURY, CHARTIS, CLARENDON, EVEREST INDEMNITY, EVEREST NATIONAL, FARMERS, FINANCIAL PACIFIC, FIRST MERCURY, GOLDEN EAGLE, GREAT AMERICAN, HARTFORD, HARTFORD FIRE, ILLINOIS UNION, INSCORP, INTERSTATE FIRE, LEXINGTON, LLOYD'S, LUMBERMENS, MARYLAND, NATIONAL UNION, NATIONWIDE, NAVIGATORS, NIC, NORTHERN, OLD REPUBLIC, PENNSYLVANIA, PRAETORIAN, PROBUILDERS,

1 STATE, STEADFAST, VALIANT, ZURICH and DOES 1 through 10

2 under applicable law and equitable principals.

3     260.  Plaintiff asserts and contends declaratory judgment is both necessary and

4 proper at this time for the court to determine the respective rights and liabilities of the

5 parties regarding their obligations to pay for the defense and/or indemnification of Parkland

6 Homes against the allegations made in the Underlying Action.

7 **SECOND CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION**

8 **(By ST. PAUL Against All Defendants)**

9     261.  Plaintiff hereby re-alleges and incorporates by reference each allegation

10 contained in all preceding paragraphs of this Complaint as though fully set forth herein.

11     262.  Plaintiff has agreed to defend Parkland Homes against the claims asserted

12 against it in the Underlying Action, pursuant to the terms and conditions of the ST. PAUL

13 Policies, and subject to a full reservation of its rights.

14     263.  Plaintiff is informed and believes and thereon alleges policy(ies) issued by

15 Defendants ACE, ALLIED, AMCO, AMERICAN HOME, ASSURANCE, AMERICAN

16 INTERNATIONAL, AMERICAN CLAIMS, ASIC, AMERICAN SAFETY, ARCH,

17 ASSURANCE, AXIS, CATALINA, CENTURY, CHARTIS, CLARENDON, EVEREST

18 INDEMNITY, EVEREST NATIONAL, FARMERS, FINANCIAL PACIFIC, FIRST

19 MERCURY, GOLDEN EAGLE, GREAT AMERICAN, HARTFORD, HARTFORD FIRE,

20 ILLINOIS UNION, INSCORP, INTERSTATE FIRE, LEXINGTON, LLOYD'S,

21 LUMBERMENS, MARYLAND, NATIONAL UNION, NATIONWIDE, NAVIGATORS,

22 NIC, NORTHERN, OLD REPUBLIC, PENNSYLVANIA, PRAETORIAN,

23 PROBUILDERS, STATE, STEADFAST, VALIANT, ZURICH and DOES 1 through 10

24 provide liability insurance to Parkland Homes, designating Parkland Homes as a named

25 insured or additional insured thereon. Plaintiff is further informed and believes and thereon

26 alleges the allegations made, pleaded or otherwise asserted against Parkland Homes in the

27 Underlying Action, if true, set forth claims for damages potentially covered under ACE's,

28 ALLIED's, AMCO's, AMERICAN HOME's, ASSURANCE's, AMERICAN

INTERNATIONAL's, AMERICAN CLAIMS', ASIC's, AMERICAN SAFETY's, ARCH's, ASSURANCE's, AXIS', CATALINA's, CENTURY's, CHARTIS', CLARENDON's, EVEREST INDEMNITY's, EVEREST NATIONAL's, FARMERS', FINANCIAL PACIFIC's, FIRST MERCURY's, GOLDEN EAGLE's, GREAT AMERICAN's, HARTFORD's, HARTFORD FIRE's, ILLINOIS UNION's, INSCORP's, INTERSTATE FIRE's, LEXINGTON's, LLOYD'S', LUMBERMENS', MARYLAND's, NATIONAL UNION's, NATIONWIDE's, NAVIGATORS', NIC's, NORTHERN's, OLD REPUBLIC's, PENNSYLVANIA's, PRAETORIAN's, PROBUILDERS', STATE's, STEADFAST's, VALIANT's, ZURICH's and DOES 1 through 10 's policies.

264. As such, Defendants   ACE, ALLIED, AMCO, AMERICAN HOME, ASSURANCE, AMERICAN INTERNATIONAL, AMERICAN CLAIMS, ASIC, AMERICAN SAFETY, ARCH, ASSURANCE, AXIS, CATALINA, CENTURY, CHARTIS, CLARENDON, EVEREST INDEMNITY, EVEREST NATIONAL, FARMERS, FINANCIAL PACIFIC, FIRST MERCURY, GOLDEN EAGLE, GREAT AMERICAN, HARTFORD, HARTFORD FIRE, ILLINOIS UNION, INSCORP, INTERSTATE FIRE, LEXINGTON, LLOYD'S, LUMBERMENS, MARYLAND, NATIONAL UNION, NATIONWIDE, NAVIGATORS, NIC, NORTHERN, OLD REPUBLIC, PENNSYLVANIA, PRAETORIAN, PROBUILDERS, STATE, STEADFAST, VALIANT, ZURICH and DOES 1 through 10 and each of them, are obligated to participate in the defense and/or indemnification of Parkland Homes in the Underlying Action by reason of their respectively underwritten policies of insurance, which provide an agreement to undertake the duty to defend suits seeking damages from bodily injury or property damage potentially covered under their respective policies.

265. All conditions precedent to Defendants ACE's, ALLIED's, AMCO's, AMERICAN HOME's, ASSURANCE's, AMERICAN INTERNATIONAL's, AMERICAN CLAIMS', ASIC's, AMERICAN SAFETY's, ARCH's, ASSURANCE's, AXIS', CATALINA's, CENTURY's, CHARTIS', CLARENDON's, EVEREST INDEMNITY's, EVEREST NATIONAL's, FARMERS', FINANCIAL PACIFIC's, FIRST MERCURY's,

GOLDEN EAGLE's, GREAT AMERICAN's, HARTFORD's, HARTFORD FIRE's, ILLINOIS UNION's, INSCORP's, INTERSTATE FIRE's, LEXINGTON's, LLOYD'S', LUMBERMENS', MARYLAND's, NATIONAL UNION's, NATIONWIDE's, NAVIGATORS', NIC's, NORTHERN's, OLD REPUBLIC's, PENNSYLVANIA's, PRAETORIAN's, PROBUILDERS', STATE's, STEADFAST's, VALIANT's, ZURICH's and DOES 1 through 10 's obligations under their respective policies of insurance have been satisfied, waived, and/or excused. Defendants ACE's, ALLIED's, AMCO's, AMERICAN HOME's, ASSURANCE's, AMERICAN INTERNATIONAL's, AMERICAN CLAIMS', ASIC's, AMERICAN SAFETY's, ARCH's, ASSURANCE's, AXIS', CATALINA's, CENTURY's, CHARTIS', CLARENDON's, EVEREST INDEMNITY's, EVEREST NATIONAL's, FARMERS', FINANCIAL PACIFIC's, FIRST MERCURY's, GOLDEN EAGLE's, GREAT AMERICAN's, HARTFORD's, HARTFORD FIRE's, ILLINOIS UNION's, INSCORP's, INTERSTATE FIRE's, LEXINGTON's, LLOYD'S', LUMBERMENS', MARYLAND's, NATIONAL UNION's, NATIONWIDE's, NAVIGATORS', NIC's, NORTHERN's, OLD REPUBLIC's, PENNSYLVANIA's, PRAETORIAN's, PROBUILDERS', STATE's, STEADFAST's, VALIANT's, ZURICH's and DOES 1 through 10 's obligations to defend and/or indemnify Parkland Homes are currently due and owing.

266.   Defendants ACE, ALLIED, AMCO, AMERICAN HOME, ASSURANCE, AMERICAN INTERNATIONAL, AMERICAN CLAIMS, ASIC, AMERICAN SAFETY, ARCH, ASSURANCE, AXIS, CATALINA, CENTURY, CHARTIS, CLARENDON, EVEREST INDEMNITY, EVEREST NATIONAL, FARMERS, FINANCIAL PACIFIC, FIRST MERCURY, GOLDEN EAGLE, GREAT AMERICAN, HARTFORD, HARTFORD FIRE, ILLINOIS UNION, INSCORP, INTERSTATE FIRE, LEXINGTON, LLOYD'S, LUMBERMENS, MARYLAND, NATIONAL UNION, NATIONWIDE, NAVIGATORS, NIC, NORTHERN, OLD REPUBLIC, PENNSYLVANIA, PRAETORIAN, PROBUILDERS, STATE, STEADFAST, VALIANT, ZURICH and DOES 1 through 10 and each of them have to date failed to participate in the defense and/or

indemnification of Parkland Homes, and/or failed to contribute a full and equitable share toward Plaintiffs' costs of defending and/or indemnifying Parkland Homes which have been incurred and which are being incurred in connection with the Underlying Action.

267. By reason of Defendants ACE's, ALLIED's, AMCO's, AMERICAN HOME's, ASSURANCE's, AMERICAN INTERNATIONAL's, AMERICAN CLAIMS', ASIC's, AMERICAN SAFETY's, ARCH's, ASSURANCE's, AXIS', CATALINA's, CENTURY's, CHARTIS', CLARENDON's, EVEREST INDEMNITY's, EVEREST NATIONAL's, FARMERS', FINANCIAL PACIFIC's, FIRST MERCURY's, GOLDEN EAGLE's, GREAT AMERICAN's, HARTFORD's, HARTFORD FIRE's, ILLINOIS UNION's, INSCORP's, INTERSTATE FIRE's, LEXINGTON's, LLOYD'S', LUMBERMENS', MARYLAND's, NATIONAL UNION's, NATIONWIDE's, NAVIGATORS', NIC's, NORTHERN's, OLD REPUBLIC's, PENNSYLVANIA's, PRAETORIAN's, PROBUILDERS', STATE's, STEADFAST's, VALIANT's, ZURICH's and DOES 1 through 10 's failure to discharge their obligations and equitably participate in the defense and/or indemnification of Parkland Homes, Plaintiffs have incurred and/or paid, and will incur and/or pay, more costs than they would have, had Defendants ACE, ALLIED, AMCO, AMERICAN HOME, ASSURANCE, AMERICAN INTERNATIONAL, AMERICAN CLAIMS, ASIC, AMERICAN SAFETY, ARCH, ASSURANCE, AXIS, CATALINA, CENTURY, CHARTIS, CLARENDON, EVEREST INDEMNITY, EVEREST NATIONAL, FARMERS, FINANCIAL PACIFIC, FIRST MERCURY, GOLDEN EAGLE, GREAT AMERICAN, HARTFORD, HARTFORD FIRE, ILLINOIS UNION, INSCORP, INTERSTATE FIRE, LEXINGTON, LLOYD'S, LUMBERMENS, MARYLAND, NATIONAL UNION, NATIONWIDE, NAVIGATORS, NIC, NORTHERN, OLD REPUBLIC, PENNSYLVANIA, PRAETORIAN, PROBUILDERS, STATE, STEADFAST, VALIANT, ZURICH and DOES 1 through 10 agreed to defend and/or contribute a full and equitable share to the defense and/or indemnity of Parkland Homes in performance of their due and owing obligations under their respective insurance policies.

CASE NO.
COMPLAINT

268. Defendants ACE's, ALLIED's, AMCO's, AMERICAN HOME's, ASSURANCE's, AMERICAN INTERNATIONAL's, AMERICAN CLAIMS', ASIC's, AMERICAN SAFETY's, ARCH's, ASSURANCE's, AXIS', CATALINA's, CENTURY's, CHARTIS', CLARENDON's, EVEREST INDEMNITY's, EVEREST NATIONAL's, FARMERS', FINANCIAL PACIFIC's, FIRST MERCURY's, GOLDEN EAGLE's, GREAT AMERICAN's, HARTFORD's, HARTFORD FIRE's, ILLINOIS UNION's, INSCORP's, INTERSTATE FIRE's, LEXINGTON's, LLOYD'S', LUMBERMENS', MARYLAND's, NATIONAL UNION's, NATIONWIDE's, NAVIGATORS', NIC's, NORTHERN's, OLD REPUBLIC's, PENNSYLVANIA's, PRAETORIAN's, PROBUILDERS', STATE's, STEADFAST's, VALIANT's, ZURICH's and DOES 1 through 10 's failure to discharge their obligations under their respective policies of insurance is wrongful and thus causing an inequitable result, in Plaintiff is paying and has paid more than its equitable share of the costs of defending and/or indemnifying Parkland Homes in the Underlying Action without the participation of Defendants in paying for such costs.

269. Because of Defendants ACE's, ALLIED's, AMCO's, AMERICAN HOME's, ASSURANCE's, AMERICAN INTERNATIONAL's, AMERICAN CLAIMS', ASIC's, AMERICAN SAFETY's, ARCH's, ASSURANCE's, AXIS', CATALINA's, CENTURY's, CHARTIS', CLARENDON's, EVEREST INDEMNITY's, EVEREST NATIONAL's, FARMERS', FINANCIAL PACIFIC's, FIRST MERCURY's, GOLDEN EAGLE's, GREAT AMERICAN's, HARTFORD's, HARTFORD FIRE's, ILLINOIS UNION's, INSCORP's, INTERSTATE FIRE's, LEXINGTON's, LLOYD'S', LUMBERMENS', MARYLAND's, NATIONAL UNION's, NATIONWIDE's, NAVIGATORS', NIC's, NORTHERN's, OLD REPUBLIC's, PENNSYLVANIA's, PRAETORIAN's, PROBUILDERS', STATE's, STEADFAST's, VALIANT's, ZURICH's and DOES 1 through 10 's wrongful failure to discharge their obligations under their respective policies of insurance, Plaintiff is entitled to an award of equitable contribution, to reimburse it for costs equivalent to each Defendants ACE's, ALLIED's, AMCO's, AMERICAN HOME's,

1   ASSURANCE's, AMERICAN INTERNATIONAL's, AMERICAN CLAIMS', ASIC's,

2   AMERICAN SAFETY's, ARCH's, ASSURANCE's, AXIS', CATALINA's, CENTURY's,

3   CHARTIS', CLARENDON's, EVEREST INDEMNITY's, EVEREST NATIONAL's,

4   FARMERS', FINANCIAL PACIFIC's, FIRST MERCURY's, GOLDEN EAGLE's,

5   GREAT AMERICAN's, HARTFORD's, HARTFORD FIRE's, ILLINOIS UNION's,

6   INSCORP's, INTERSTATE FIRE's, LEXINGTON's, LLOYD'S', LUMBERMENS',

7   MARYLAND's, NATIONAL UNION's, NATIONWIDE's, NAVIGATORS', NIC's,

8   NORTHERN's, OLD REPUBLIC's, PENNSYLVANIA's, PRAETORIAN's,

9   PROBUILDERS', STATE's, STEADFAST's, VALIANT's, ZURICH's and DOES 1

10   through 10 's fair and equitable proportionate share of the total costs of defense and/or

11   indemnification incurred in connection with the claims against Parkland Homes in the

12   Underlying Action, with interest thereon at the prescribed legal rate.

### PRAYER FOR RELIEF

14   WHEREFORE, Plaintiff prays for judgment, as follows:

15   1. For a declaration of this Court of the following: (1) Defendants ACE, ALLIED,

16   AMCO, AMERICAN HOME, ASSURANCE, AMERICAN INTERNATIONAL,

17   AMERICAN CLAIMS, ASIC, AMERICAN SAFETY, ARCH, ASSURANCE, AXIS,

18   CATALINA, CENTURY, CHARTIS, CLARENDON, EVEREST INDEMNITY,

19   EVEREST NATIONAL, FARMERS, FINANCIAL PACIFIC, FIRST MERCURY,

20   GOLDEN EAGLE, GREAT AMERICAN, HARTFORD, HARTFORD FIRE, ILLINOIS

21   UNION, INSCORP, INTERSTATE FIRE, LEXINGTON, LLOYD'S, LUMBERMENS,

22   MARYLAND, NATIONAL UNION, NATIONWIDE, NAVIGATORS, NIC,

23   NORTHERN, OLD REPUBLIC, PENNSYLVANIA, PRAETORIAN, PROBUILDERS,

24   STATE, STEADFAST, VALIANT, ZURICH and DOES 1 through 10 had and have a duty

25   to defend and/or indemnify Parkland Homes against the claims, demands, actions and causes

26   of action asserted against Parkland Homes in the Underlying Action; (2) Defendants ACE,

27   ALLIED, AMCO, AMERICAN HOME, ASSURANCE, AMERICAN INTERNATIONAL,

28   AMERICAN CLAIMS, ASIC, AMERICAN SAFETY, ARCH, ASSURANCE, AXIS,

1  CATALINA, CENTURY, CHARTIS, CLARENDON, EVEREST INDEMNITY,
2  EVEREST NATIONAL, FARMERS, FINANCIAL PACIFIC, FIRST MERCURY,
3  GOLDEN EAGLE, GREAT AMERICAN, HARTFORD, HARTFORD FIRE, ILLINOIS
4  UNION, INSCORP, INTERSTATE FIRE, LEXINGTON, LLOYD'S, LUMBERMENS,
5  MARYLAND, NATIONAL UNION, NATIONWIDE, NAVIGATORS, NIC,
6  NORTHERN, OLD REPUBLIC, PENNSYLVANIA, PRAETORIAN, PROBUILDERS,
7  STATE, STEADFAST, VALIANT, ZURICH and DOES 1 through 10 had and have an
8  equitable duty and responsibility to pay a fair and proportionate share of the costs of defense
9  and/or indemnification incurred on behalf of Parkland Homes; (3) the costs of defending
10  and/or indemnifying Parkland Homes have been and are being borne disproportionately by
11  Plaintiff; and (4) the costs associated with the defense and/or indemnification of Parkland
12  Homes should be equitably apportioned between and among Plaintiff and Defendants ACE,
13  ALLIED, AMCO, AMERICAN HOME, ASSURANCE, AMERICAN INTERNATIONAL,
14  AMERICAN CLAIMS, ASIC, AMERICAN SAFETY, ARCH, ASSURANCE, AXIS,
15  CATALINA, CENTURY, CHARTIS, CLARENDON, EVEREST INDEMNITY,
16  EVEREST NATIONAL, FARMERS, FINANCIAL PACIFIC, FIRST MERCURY,
17  GOLDEN EAGLE, GREAT AMERICAN, HARTFORD, HARTFORD FIRE, ILLINOIS
18  UNION, INSCORP, INTERSTATE FIRE, LEXINGTON, LLOYD'S, LUMBERMENS,
19  MARYLAND, NATIONAL UNION, NATIONWIDE, NAVIGATORS, NIC,
20  NORTHERN, OLD REPUBLIC, PENNSYLVANIA, PRAETORIAN, PROBUILDERS,
21  STATE, STEADFAST, VALIANT, ZURICH and DOES 1 through 10 under applicable law
22  and equitable principles.
23      2.  For general damages in an amount to be proven at trial;
24      3.  For prejudgment interest;
25      4.  For costs of suit herein; and
26      5.  For such other and further relief as this Court deems just and proper.
27  ///
28  ///

CASE NO.
COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

ST. PAUL MERCURY INSURANCE COMPANY hereby demands a trial by jury pursuant to Fed. R. Civ. Proc. 38(b).

Dated:  November 14, 2012          **THE AGUILERA LAW GROUP, APLC**

_____
A. Eric Aguilera, Esq.
Kari M. Myron, Esq.
Attorney for Plaintiff
ST. PAUL MERCURY INSURANCE COMPANY

CASE NO.
COMPLAINT